Opinion
 

 KINGSLEY, Acting P. J.
 

 —Defendant appeals from an order, purportedly made under subdivision (a) of section 987.8 of the Penal Code,
 
 *3
 
 ordering her to pay $7,500 for the services of a deputy public defender in a criminal case. We reverse the order.
 

 Defendant was charged with the murder of Earl Burrell. She pled not guilty but, after several days of trial, she was permitted to withdraw that plea and enter a plea of nolo contendere to a charge of involuntary manslaughter. The trial court, thereafter, made the order herein attacked.
 

 On this appeal, defendant contends:
 

 “1. The order requiring her to pay $7,500 for the services of her court-appointed counsel was void because she was not present during the Penal Code section 987.8 proceedings.
 

 “2. That order was void because there was no hearing.
 

 “3. That order was void because the court found that appellant has a potential, rather than the present ability to pay the $7,500 for the services of her court-appointed counsel.” It is not here contended that the
 
 amount
 
 of the order was improper.
 

 Subdivision (a) of section 987.8 provides as follows: “(a) In any case in which a defendant is furnished counsel, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, the court shall,
 
 after a hearing,
 
 make a determination of the
 
 present
 
 ability[
 
 1
 
 ] of the defendant to pay all or a portion of the cost of counsel.
 
 At the hearing, the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses; disclosure of the evidence against him, and a written statement of the findings of the court.
 
 If the court determines that the defendant has the present ability to pay all or part of the cost, it shall order him to pay the sum to the county in any installments and manner, which it believes reasonable and compatible with his financial ability. Execution may be issued on the order in the sáme manner as on a judgment in a civil action. The order shall not be enforced by contempt.”
 

 
 *4
 
 It is clear that the proceedings herein attacked violated the requirements of that section in all three particulars.
 

 (1) The section expressly provides that the defendant have the “opportunity to be heard in person.” Here defendant was denied that opportunity.
 

 (2) The section, amended after the Supreme Court decision in
 
 People
 
 v.
 
 Amor
 
 (1974) 12 Cal.3d 20 [114 Cal.Rptr. 765, 523 P.2d 1173], now expressly requires that the order be made only after a “hearing,” at which the defendant has, inter alia, the right to “confront and cross-examine adverse witnesses.” The record before us shows that the trial court acted on statements of the deputy district attorney, not made under oath. That was not the “hearing” that the section requires. Among other things, the statute requires that there be “witnesses”—an unsworn statement by a prosecuting attorney is not evidence by a “witness.”
 

 (3) The section requires that there be a finding of “present” ability to pay. The facts on which the trial court acted were stated by the deputy district attorney as follows: Defendant was the named beneficiary under a policy of life insurance on decedent’s life; that policy calls for the payment of $15,000, with double indemnity for accidental death; decedent’s mother claims to be entitled to those proceeds under the provisions of section 258 of the Probate Code; the insurance company had, at the time of the order, taken no position as between the claim of defendant as named beneficiary and that of the mother; interpleading proceedings were probable; defendant has no other source of payment.
 

 On the basis of those alleged facts, the trial court found that there was a “probability” that defendant would prevail and, on that basis, made the order for payment, stating, however, that, if she did not prevail, the court “would be amenable to a motion for modification and striking of the order.”
 

 The facts on which the trial court acted do not show such “present” ability; at the most they show that she had a potential (but problematical) ability to pay in the future. The existence of a mere potentiality of ability to pay in the future is not a basis for an order of immediate payment.
 

 The Attorney General argues that defendant had a “vested” right to the proceeds, but a right subject to being divested if the mother should
 
 *5
 
 succeed in proving that defendant intentionally killed or intentionally caused Earl’s death. That argument, the validity of which we do not determine, is beside the point. The statute requires present “ability” to pay; a right to payment at some indefinite time in the future may, under some circumstances, be a “vested” right, but until collected (or at least immediately collectable) such a right does not show an ability to pay “presently.”
 

 The order is reversed.
 

 Dunn, J., and Jefferson (Bernard), J., concurred.
 

 A petition for a rehearing was denied October 24, 1977, and respondent’s petition for a hearing by the Supreme Court was denied November 30, 1977.
 

 [1]
 

 Italics added.