Opinion
McDONALD, J.*
Statement of Facts
Appellant was charged in the court below with a violation of section 23102 of the Vehicle Code. At her arraignment appearance she request *Supp. 3 ed and received court-appointed counsel. The Private Defender Program of the San Mateo County Bar Association was appointed and David Goldstein, a panel attorney, was designated to represent her. There were two appearances prior to the trial and the jury trial lasted two days. At the conclusion of the trial, on October 18, 1979, the court entered what purported to be an order pursuant to Penal Code, section 987.8. This “civil judgment” was in the amount of $750.
The order was entered without objection, but on April 8, 1980, a motion to modify the order was made. On April 14, 1980, a hearing on appellant’s motion was held before the same judge who had entered the order of October 18th. The court apparently took evidence in the form of a declaration signed by Ramon Lelli, the administrator of the private defender program. This declaration established that the county paid to the bar association the sum of $116 for legal services which were provided by David Goldstein. Apparently this was the sole cost paid by the county, though it was established that Goldstein had received $380 from the bar association.
Following the hearing, the court “re-entered” the original judgment and found that $750 was the legally appropriate amount thereof. It is from this re-entered judgment that appellant appeals. Because respondent has not raised the issue, and because the question involved in this appeal is one of substantial importance to the municipal courts of this county, we will assume that the case is properly before us in spite of the questionable timeliness of the filing of the notice of appeal.
Discussion
The issue involved in this appeal can be stated in varying ways; in fact, the parties to this appeal have not yet agreed upon a single statement of the issue. However it is stated, it apparently is one of first impression. Neither party has been able to cite any authority which is dispositive of the issue presented. That issue appears to the court to be whether or not, or to what extent, does section 987.8 of the Penal Code confer discretion upon a trial court to fix the amount of money to be paid by one in appellant’s position.
Appellant presented evidence that the cost to the county in providing her with Mr. Goldstein’s services was $116; she contends that this is the maximum amount that may be ordered pursuant to section 987.8. Respondent contends that the court has discretion to fix the amount *Supp. 4 to be paid and in the absence of a clear abuse of that discretion, any reasonable figure representing the value of the services rendered is permissible.
Section 987.8, subdivision (a) states that the court may make a determination of the present ability of a defendant to pay all or a portion of the cost of legal assistance. It is clear that this language establishes discretion to make a determination of the ability to pay for legal services provided or to refuse or fail to make such a determination; it is not clear that this language confers any discretion to determine what is “the cost thereof.” Further on, section 987.8, subdivision (a) states that the court shall set the “amount to be reimbursed” and shall order the defendant to pay “that sum to the county in the manner in which the court believes reasonable.” So, again, it is clear that this language confers discretion on the trial court to set the manner of payment; but it is not clear that this language confers discretion to determine the “cost” of legal assistance.
Nowhere in the language of section 987.8 are the terms “cost” or “amount to be reimbursed” defined. There is some language which may be of assistance contained in section 987.8, subdivision (c)(2)(iv) wherein the following words appear: “. . . to reimburse the county for the costs of the legal assistance provided.” This language would seem to make it clear, keeping in mind the lack of definition elsewhere, that it is the cost to the county of which section 987.8 speaks.
The People cite the case of People v. Amor (1974) 12 Cal.3d 20 [114 Cal.Rptr. 765, 523 P.2d 1173] as authority for the proposition that the trial court has discretion to fix any reasonable sum. Unfortunately, the case simply does not stand for that proposition.
In Amor, the trial court fixed the “reasonable value” of the public defender’s services at $100 and found the defendant able to pay $50 of this. There was no discussion of the evidentiary basis for the trial court’s determination of the “cost” of $100; there was no discussion of the existence, lack of or abuse of the trial court’s discretion to fix the “cost” of legal services.
The fact that the trial court had done there what the trial court did herein was essentially ignored by the Supreme Court. Amor dealt with a constitutional attack on Penal code section 987.8 on six separately stated grounds. In discussions of two of these, the court uses language *Supp. 5 which seems to be supportive of respondent’s position, but which is not when read in context. In denying the defendant a jury trial, the court said that the amount to be assessed was wholly within the discretion of the court, but the “amount” of which the Supreme Court spoke was clearly that portion of the total cost found to be within the financial ability of a defendant to pay (see 12 Cal.3d at p. 31).
The court also stated that a trial judge was competent by virtue of experience to set fees due to or by civil litigants. But this language (quoted in respondent’s brief) arose within a discussion of the application of the equal protection clause to section 987.8.
Amor is factually distinguishable as well: The County of Los Angeles was the employer of the attorney who represented the defendant. The money ordered to be paid was a “reimbursement” in the sense that that county was to receive money from the defendant to replace money that it had previously paid to an attorney or attorneys who had provided the legal services. In the instant case, the $750 order cannot be seen as a payment to “reimburse” the County of San Mateo. Given the facts presented at the hearing, the county’s right to reimbursement ceased at $116 since this is all that the county paid to the bar association.
The statutory language seems to make it clear that the Legislature contemplated that a person in appellant’s position would be required to reimburse the county for the costs to the county of the legal services provided. There is nothing in the statute that gives the trial court the discretion to fix that “cost” at the level of a “reasonable fee.” The discretion vested in the trial court permits the court to refuse to make any order of reimbursement or to fix the amount to be reimbursed at the actual “cost,” or some portion thereof. But no reasonable interpretation of the statutory language permits the conclusion that the trial court is free to substitute its assessment of the reasonable value of the services rendered, as equivalent to the cost to the county for the services provided.
The process adopted by the trial court here seems more in keeping with a determination of a fee paid by the county in compliance with an order made pursuant to Penal Code, section 987.3; had Mr. Goldstein been appointed under section 987.2 he would have been entitled to a “reasonable sum” and the trial court, pursuant to section 987.3 would fix the fee. To the extent that the trial court was then sitting as a trier *Supp. 6 of fact, the “reasonable fee” so fixed would have to have some basis in evidence. But, as was pointed out by Amor, supra, and other cases, because of the peculiar nature of the issues involved in setting attorney’s fees, and because of the nature of the experience assumed to be possessed by trial judges, the need for an evidentiary foundation for a fee order is replaced by virtually unfettered “discretion.”
However, Penal Code, section 987.8 places a limitation on the exercise of this discretion: The reimbursement to be ordered pursuant to section 987.8 is limited to the cost. In a county with a public defender and a conflict of interest problem requiring occasional direct appointment, this cost will necessarily vary from one case to another. The actual cost in a given case may be identical to the fee set pursuant to section 987.3 or it may be some portion of the public defender’s budget. In the latter event, the trial court must find some rational approach to ascertaining the appropriate apportionment of the public defender’s budget. But regardless, the amount sought is the cost to the county of providing legal services to the particular defendant because it is only that figure, or some portion of it, that may be ordered to be paid under section 987.8.
In San Mateo County, so long as legal services are rendered pursuant to a contract fixing the actual cost of a particular case, the only discretion possessed by a trial court is to find the ability to pay. In the event of an evidentiary conflict regarding the “cost,” the court obviously has the duty to resolve the conflict. It matters not to a resolution of this case whether we deal with a lack of discretion to fix the “cost,” an abuse of that discretion, or simply a judgment based on insufficient evidence.
The judgment is reversed and the case is remanded to the Municipal Court for the Northern Judicial District with directions to enter a new judgment consistent with this opinion.
Haverty, Acting P. J., and Bible, J.,* concurred.

 Assigned by the Chairperson of the Judicial Council.

 Assigned by the Chairperson of the Judicial Council.