[No. A042920. First Dist., Div. Four. Apr. 10, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED CRUZ, JR., Defendant and Appellant.

COUNSEL

Thomas L. Gill and Favaro, Lavezzo, Gill, Caretti & Heppell for Defendant and Appellant.

Charles O. Lamoree, County Counsel, Thomas H. Gordinier, Assistant County Counsel, and Frank S. Furtek, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

PERLEY, J.—Appellant, Alfred Cruz, Jr., appeals from an order holding that he must pay the County of Solano $21,000 for legal services provided to him by the public defender's office in the defense of a criminal action. He claims that the court erred in computing the amount he should be required to pay. We modify the order and as modified, affirm.

*Factual and Procedural Background*

On January 12, 1987, a complaint was filed in the Solano County Municipal Court, charging appellant with four felony violations. At appellant's arraignment, he requested and was granted a public defender to represent him. Appellant pleaded not guilty and, after a preliminary hearing, was bound over to the superior court for trial.

On October 13, 1987, a jury trial commenced. On October 23, after several days of trial, appellant withdrew his previous plea and pleaded guilty to an amended information charging three misdemeanor violations.

After accepting appellant's change of plea, the court scheduled a sentencing hearing. Appellant was notified that at that same hearing, it would determine whether he should be required to reimburse the county for the use of the public defender pursuant to Penal Code section 987.8.[1]

On January 8, 1988, the sentencing hearing was held. At the conclusion of the hearing, the court held that the reasonable value of the public defender services provided to appellant was $21,000. The court then ordered appellant to make an appointment with the county's department of revenue

---

[1] All further statutory references are to the Penal Code.

and reimbursement so that it could investigate whether he had the ability to pay for all or a portion of the legal assistance provided to him.

On May 23, 1988, a restitution hearing was held. Appellant appeared, represented by privately retained counsel. An attorney from the public defender's office was also present. Apparently, there was some confusion concerning the purpose of the hearing. The court believed that the hearing was to determine whether appellant should be required to reimburse the Vallejo Police Department for money lost during the investigation of appellant's crimes. Appellant's counsel believed that the purpose of the hearing was to determine appellant's responsibility to reimburse the county for the use of the public defender. Due to this confusion, all parties agreed to continue the hearing to June 2. On that date, the court would determine whether appellant would be required to reimburse the county for the legal services provided to him.

However, since the public defender was present at the May 23 hearing, the court asked him to describe the services his office had provided to appellant. In response, the public defender explained that appellant's counsel had spent a total of 181 hours on appellant's case and that the hourly cost to the county for this service was $62.50. The public defender went on to note, however, that appellant's counsel was highly experienced and that a cost of $70 per hour was appropriate.[2]

On June 2, 1988, the continued hearing was held. At the conclusion of the hearing, the court reaffirmed its prior determination and held that the value of the services provided to appellant was $21,000.[3]

On July 1, 1988, appellant filed this timely appeal.

*Discussion*

■ On appeal, appellant challenges two aspects of the court's order. First, he claims that the court could not determine the value of the services

---

[2] Appellant did not object to the manner in which this information was presented. (Cf. *People* v. *McDowell* (1977) 74 Cal.App.3d 1, 3-4 [141 Cal.Rptr. 124].) Nor does he raise the issue on appeal. Thus any error relating to the receipt of this information has been waived.

[3] The court's June 2, 1988, order does not contain a finding that appellant had the present ability to pay all or a portion of the costs of legal assistance provided to him. (See § 987.81, subd. (a).) However, appellant has not raised this apparent omission on appeal. Thus we deem the issue as being waived.

provided to him at the January 8, 1988, hearing because he was not provided with "notification of his rights" as required by section 987.8.

However, appellant did not assert any objection to lack of notice at the January 8 hearing. Having failed to object, he cannot now urge reversal on this ground on appeal. (See generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 307, pp. 317-318.)

█ Second, appellant argues that the court erred when it held that he must pay the county $21,000 for public defender's services. He claims that under section 987.8 the court could not order him to reimburse the county for any more than its actual cost in representing him. He asserts that the trial court could only charge him with that portion of the public defender's budget which was used to accommodate his representation. We agree.

Section 987.8 was amended effective January 1, 1989. At the time these proceedings were held, section 987.8 subdivision (a) (now subdivision (b)) provided, "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . ."

Although section 987.8 subdivision (f) (now subdivision (g)) defines several terms used throughout the section, a definition for the word "cost" is not included. Thus, on this appeal, we must ascertain the Legislature's intent when it used the word "cost" in section 987.8.

█ We begin with the fundamental rule that a court should ascertain the intent of the Legislature so as to carry out the purpose of the law. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In determining that intent, the court first turns to the words themselves for an answer. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) Words used in a statute should be given the meaning they bear in ordinary use. (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) This is the so called " 'plain meaning' " rule. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

█ The word "cost," as used in section 987.8 is equivocal. It has no plain meaning. The word can be used to express the value of a thing, or

alternatively, the price paid for that thing. (See 20 C.J.S., Cost, pp. 241-242.) The legislative history of section 987.8 and its amendments lends no guidance as to which of these two meanings the Legislature intended.

We must therefore consider the general purpose of the statute. (See *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 232 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ Where a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted. (*People* ex rel. *S.F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543-544 [72 Cal.Rptr. 790, 446 P.2d 790].)

■ The apparent purpose of section 987.8 is to require criminal defendants to reimburse the county for the cost of their legal representation, when, at the conclusion of trial, they have the present ability so to do. We believe that this purpose is best served by construing the statute in such a way that the "cost" to which the statute refers is the actual cost incurred by the county in providing legal assistance to such a defendant.

A recent decision by the appellate division of the superior court, *People* v. *Harrison* (1981) 118 Cal.App.3d Supp. 1 [173 Cal.Rptr. 274], agrees with this conclusion. In *Harrison,* the defendant requested and was granted court appointed counsel. A panel attorney from the bar association's private defender program then in effect in that county was appointed to represent her. At the conclusion of trial, the court entered an order pursuant to section 987.8, ordering the defendant to pay the county the sum of $750. The defendant subsequently made a motion to modify the order and a hearing was held. At that hearing, it was established that the county had paid only $116 for the legal services provided to the defendant. Following the hearing, the trial court reentered its original order and held that the defendant was required to pay the county $750. (*Id.* at pp. Supp. 2-3.)

On appeal, the appellate division of the superior court held that this was error. That court construed the language of section 987.8 and concluded that nothing in the statute gave the trial court the discretion to fix the "cost" at the level of a reasonable fee. (*People* v. *Harrison, supra,* 118 Cal.App.3d at p. Supp. 5.) The *Harrison* court then held that the reimbursement to be ordered pursuant to section 987.8 was limited to the actual cost incurred by the county in providing legal services. (*Id.* at p. Supp. 6.)

Respondent argues that *Harrison* is factually distinguishable. The People note that in *Harrison,* the cost to be reimbursed was the actual amount paid

by the county to reimburse the bar association for sums paid to the attorney who had represented the defendant, while in the present case, appellant was represented by a public defender throughout the proceedings. While it is true that *Harrison* involved a factual situation different from the present case, we believe the reasoning of *Harrison* is consistent with the Legislature's intent in enacting section 987.8.

Respondent also relies on the Supreme Court's language in *People* v. *Amor* (1974) 12 Cal.3d 20 [114 Cal.Rptr. 765, 523 P.2d 1173]. In *Amor,* the defendant was represented by a public defender. The trial court found that the "reasonable value" of the public defender's services was $100 and that the defendant had the ability to pay $50 of this amount. On appeal, the Supreme Court faced a constitutional challenge of section 987.8 on six separately stated grounds. In discussing one of these grounds, equal protection, the court stated, "Under the statute, indigent defendants have the same rights with respect to the fixing of attorney's fees as civil litigants generally. In addition to having authority with respect to fixing fees for indigent defendants where counsel has been appointed in criminal matters, as hereinabove discussed, the trial judge is regarded as competent from his own knowledge of legal practice to fix the amount of attorney's fees to be paid to or by civil litigants when there is entitlement thereto." (*Id.* at pp. 31-32.) We believe that the language cited by respondents is dicta which does not control the disposition of this case. (See *Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 125 [233 P.2d 74].)

■ Thus, we hold that the word "cost" as used in section 987.8 means the cost of the legal services provided to a criminal defendant as represented by a pro rata share of the public defender's budget. In addition, "cost" includes any proven expenses to the county established by the evidence, such as investigator's fees and expenses, expert witness fees or expenses, long distance telephone expenses, etc.

■ Having reached this conclusion, we next consider the specific amount which appellant herein should pay. The public defender stated that appellant's counsel had spent a total of 181 hours on appellant's case and that the cost to the county for this service was $62.50 per hour. Thus the "cost" to the county for representing appellant was $11,312.50. This is the amount appellant can be required to pay. While the public defender stated that appellant's counsel was highly experienced and thus a "cost" of $70 per hour was appropriate, there was no evidence before the court from which it could conclude that appellant's counsel actually cost the county that increased amount. In addition, no evidence of county expense was presented except attorney's fees.

The order setting the value of the legal services provided to appellant is modified to state that the value of those services is $11,312.50. As modified, the order is affirmed.

Anderson, P. J., and Channell, J., concurred.