[No. E005673. Fourth Dist., Div. Two. May 18, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL E. POINDEXTER, Defendant and Appellant.

[No. E006140. Fourth Dist., Div. Two. May 18, 1989.]

In re DARRELL E. POINDEXTER on Habeas Corpus.

[Opinion certified for partial publication.*]

*Part I is not published; it does not meet the standards for publication contained in rule 976(b), California Rules of Court.

**COUNSEL**

Cynthia M. Sorman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**DABNEY, J.**—*VCR 3686.* On August 24, 1987, appellant Darrell E. Poindexter entered a plea of nolo contendere to grand theft person (Pen.

Code, § 487, subd. 2). Poindexter was released on his own recognizance pending a hearing on the probation report.

*VCR 3916.* On November 18, 1987, Poindexter pleaded guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a).) The district attorney agreed to a two-year lid on the application for probation, concurrent with the sentence in VCR 3686. If probation were denied, Poindexter's sentence would be no more than two years, concurrent with the sentence in VCR 3686. Poindexter was again released on his own recognizance pending sentencing.

*VCR 3974.* Meanwhile, Poindexter was arrested a third time. An information charged him with possession of cocaine. (Health & Saf. Code, § 11350, subd. (a).) On March 15, 1988, Poindexter entered a guilty plea. The plea agreement provided for a maximum sentence of two years, concurrent with the sentences in VCR 3686 and VCR 3916. The trial court sentenced him to serve two years in state prison.

On appeal, Poindexter claims that the trial court erred in denying him credit in VCR 3916 and VCR 3686 for the full period of presentence custody he served, in finding that a vehicle was involved in the offense, and in ordering him to pay attorney's fees and the costs of a probation report. Poindexter has also filed a petition for writ of habeas corpus in which he repeats his allegation that the trial court erred in denying him presentence custody credits.

FACTS

*VCR 3686.* Edward Anderson was driving home from work in Apple Valley when he began having car trouble. He pulled over to try to fix his car. A car drove up behind him and stopped. Codefendant Willard Merritt, the driver, asked Anderson where he got the "bra" on the front of his car. Anderson replied that he got it at Chief Auto Parts. One of the men asked Anderson again where he got his car bra. This time, Anderson said he got it at Pep Boys. Merritt said, "This is my bra," and both men removed it from Anderson's car. The men accused Anderson of lying and of ripping the bra, and demanded money to pay for repairing it.

Merritt put the bra on his own car. When Merritt was walking back to his own car, he threatened Anderson not to leave. Poindexter then said, "Don't worry, I got him covered." Poindexter put his hand under his sweater as if he had a gun there. Merritt returned and looked into the glove compartment and the center console of Anderson's car. Merritt asked Anderson to open the trunk. When Anderson told him the trunk would not

open, Merritt took Anderson's keys and tried unsuccessfully to open it himself. Merritt ordered Anderson to take out the small speakers from the front of the car. The speakers were destroyed in the process of removing them, so Merritt gave them back.

*VCR 3916 and VCR 3974.* In both VCR 3916 and VCR 3974, Poindexter conceded that he possessed cocaine.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . .

### II

### FINDING OF VEHICLE USE

The probation report for VCR 3686 states that a motor vehicle was not involved in the offense under Vehicle Code section 13350. Nevertheless, the trial court found that a vehicle was "involved and incidental to" the offense charged in VCR 3686, and ordered the Department of Motor Vehicles to suspend Poindexter's driver's license for one year.

Vehicle Code section 13350 requires revocation of a driver's license upon conviction of certain offenses, including "Any felony in the commission of which a motor vehicle is used, . . ." (Veh. Code, § 13350, subd. (a)(2).) ■■ Poindexter argues that the trial court's comment that a vehicle was "involved and incidental to" the offense does not satisfy the statutory requirement of a finding that the vehicle was used in the commission of the offense, and the facts would not support such a finding. Poindexter was a passenger in a car when he first encountered the victim. He and his codefendant exited the car to commit the offense and left the scene in the car.

Neither party has cited any authority, and our research has revealed none, concerning the interpretation of the phrase "Any felony in the commission of which a motor vehicle is *used*" (italics added) in Vehicle Code section 13350, subdivision (a)(2). ■■ In construing the weapon use provision of Penal Code section 12022.5, the California Supreme Court has defined "use" as follows: " 'Use' means, among other things, 'to carry out a

---

* See footnote, *ante,* page 803.

purpose or action by means of,' to 'make instrumental to an end or process,' and to 'apply to advantage.' (Webster's New Internat. Dict. (3d ed. 1961).)" (*People* v. *Chambers* (1972) 7 Cal.3d 666, 672 [102 Cal.Rptr. 776, 498 P.2d 1024].) ■ Applying this definition, courts have held that mere possession of a firearm during the commission of a felony does not constitute a "use" within the meaning of the statute. (*People* v. *Jacobs* (1987) 193 Cal.App.3d 375, 381 [238 Cal.Rptr. 278]; *People* v. *Hays* (1983) 147 Cal.App.3d 534, 548 [195 Cal.Rptr. 252] and cases collected.)

■ Likewise, in the context of Vehicle Code section 13350, the Legislature must have intended the term "used" in the commission of a felony to mean that there was a nexus between the offense and the vehicle, not merely that a vehicle was incidental to the crime. Under this standard, the record does not show a sufficient connection between the vehicle and the crime to invoke Vehicle Code section 13350. The crime was not carried out by means of the car, nor was the car used as an instrumentality in the crime. (See *People* v. *Chambers, supra,* 7 Cal.3d at p. 672.) The court's order under Penal Code section 13350 should be stricken.

## III

### ATTORNEY'S FEES

The probation reports in all three cases recommended that the court find Poindexter lacked the ability to pay the cost of his court-appointed attorney and of the presentence investigation and probation report. The trial court found that Poindexter was unable to pay those costs. The court then recessed the sentencing hearing to allow the probation officer to review the issue of presentence credits.

In that afternoon's hearing, Poindexter's counsel moved the court for return of $1,774 seized when Poindexter was arrested in VCR 3974. The state did not initiate forfeiture proceedings for the money. Counsel requested that the money go to Poindexter's mother. The court granted the motion, but stated that it would reconsider whether Poindexter then had the ability to pay for his attorney's fees and probation report.

Poindexter asserted that the money belonged to his mother, and requested that she be permitted to testify. The court stated that it did not believe that the money belonged to Poindexter's mother. The district attorney noted that in his initial police interview, Poindexter had said that he would "get all his money back." The court assessed Poindexter a "contributory share" of $562 for the probation investigation and report and $600 for his attorney's fees, to be deducted from the money seized from Poindexter.

■ Poindexter claims that the trial court erred in several respects in assessing attorney's fees and the costs of the probation report. The trial court received an unsworn statement from the district attorney that Poindexter had stated the money was his. The court made no finding regarding Poindexter's present ability to pay, and provided no notice or hearing on that issue. The court denied Poindexter's request to have his mother testify that she owned the money. Finally, the court assessed fees and costs without any evidence of the county's actual expenditures.

■ In *People* v. *Amor* (1974) 12 Cal.3d 20, 29-30 [114 Cal.Rptr. 765, 523 P.2d 1173], the California Supreme Court recognized that proceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing. Under Penal Code sections 987.8 and 1203.1b,[2] the court may order a defendant, who has the ability to pay, to reimburse the county for the costs of representation and preparation of the probation report. Both

---

[2] Penal Code section 987.8 provides in part: "(b) In any case in which a defendant is provided legal assistance, . . . upon conclusion of the criminal proceedings in the trial court, . . . the court may, *after notice and a hearing,* make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . .

" . . . . . . . . . . . . . . . .
"(e) At a hearing, the defendant shall be entitled to, but shall not be limited to, all of the following rights: [¶] (1) The right to be heard in person. [¶] (2) The right to present witnesses and other documentary evidence. [¶] (3) The right to confront and cross-examine adverse witnesses. [¶] (4) The right to have the evidence against him or her disclosed to him or her. [¶] (5) The right to a written statement of the findings of the court.

"If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. . . .

"(f) Prior to the furnishing of counsel . . . by the court, the court shall give notice to the defendant that the court may, *after a hearing,* make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. The court shall also give notice that, if the court determines that the defendant has the present ability, the court shall order him or her to pay all or a part of the cost. . . .

"(g) As used in this section:
" . . . . . . . . . . . . . . . .
"(2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following:

"(A) The defendant's present financial position.
"(B) The defendant's reasonably discernible future financial position. . . .
"(C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing.
"(D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant." (Italics added.)

Penal Code section 1203.1b provides a parallel scheme for determining the ability of a defendant to pay the cost of conducting the presentence investigation and preparing the probation report.

sections require that the defendant be given notice and afforded specific procedural rights, including the right to present witnesses at the hearing and to confront and cross-examine adverse witnesses. (*People* v. *McDowell* (1977) 74 Cal.App.3d 1, 4 [141 Cal.Rptr. 124].)

 *Notice of the Hearing.* The record reflects that Poindexter agreed with the trial court's statement that when Poindexter first appeared on another case he was told that the court would hold a separate hearing concerning his ability to pay for attorney's fees and costs of the probation report and investigation.[3] The Attorney General contends that this was sufficient notice. In addition, the declaration Poindexter signed in entering his guilty plea in VCR 3916 states that he understood that "[A] judge may later direct me to pay such part of the cost of [appointed counsel] as he determines that I am able to pay."

We need not determine if this record establishes that Poindexter received notice of the first hearing on his ability to pay. The court conducted that hearing in its morning session and made a finding that Poindexter had no present ability to pay. However, Poindexter was given no notice that the trial court would reconsider the issue and make a contrary finding in the afternoon session.[4] We thus conclude that the court failed to give Poindexter proper notice of the second hearing. Furthermore, the trial court did not allow Poindexter to call witnesses on his behalf or to confront adverse witnesses. (Pen. Code, §§ 987.8, 1203.1b, subd. (a).)

*Evidence of Actual Costs Is Required.* The record does not indicate that the trial court considered any evidence of actual costs when it fixed the costs of representation at $600 and of preparation of the probation report at $562. Rather, Poindexter's appointed counsel had not yet even submitted a statement to the court. Penal Code section 987.8 gives the trial court discretion to determine a defendant's ability to pay the cost to the county of legal

---

[3] "THE COURT: Well, I've mentioned to you before, when you appeared here before, originally on the other case—
"THE DEFENDANT: Uh-huh.
"THE COURT:— that at the end of the criminal proceedings, we would have a separate hearing relative to your then financial ability to reimburse the County for the services rendered by your attorney—
"THE DEFENDANT: Uh-huh.
"THE COURT: —and also for the investigation and report by the probation department. [¶] Now, we previously discussed that and made a finding that you didn't have the funds to reimburse the County.
"THE DEFENDANT: Yes."

[4] Penal Code section 987.8, subdivision (b) allows the court, in its discretion, to hold a second hearing on the defendant's ability to pay "within six months of the conclusion of the criminal proceedings." The structure of the statute makes it clear that the second hearing requires the same notice and procedural protections as the first.

services provided and to set the manner of payment, but does not give the court any discretion to determine the reasonable value of those services. (*People* v. *Harrison* (1981) 118 Cal.App.3d Supp. 1 [173 Cal.Rptr. 274].) The court must review evidence of the actual costs to the county before it can assess costs or attorney's fees to the defendant. (*Ibid.*)

## DISPOSITION

The order requiring Poindexter to reimburse the county for attorney's fees and probation report costs is stricken. The finding that an automobile was involved in the offense, and the order to suspend Poindexter's driver's license are stricken. In all other respects, the judgment is affirmed. The petition for writ of habeas corpus is denied.

Campbell, P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied June 8, 1989, and appellant's petition for review by the Supreme Court was denied September 6, 1989.