[No. E007063. Fourth Dist., Div. Two. Oct. 11, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN ADAMS, Defendant and Appellant.

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Tim Nader, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

HOLLENHORST, Acting P. J.—Defendant challenges certain conditions imposed pursuant to a grant of probation after he pled guilty to one count of arson. Specifically, he contends (1) the condition requiring him to register with the chief of police where he resides, pursuant to Penal Code section 457.1, is improper because the court failed to state on the record its reasons for finding the arson was the result of compulsive behavior and further that there is no evidence of compulsive behavior; and (2) the condition that defendant submit to warrantless searches is invalid. He also challenges the order requiring him to reimburse the probation costs as being invalid because defendant was not afforded his right to a separate hearing on his ability to pay. We affirm the order granting probation but reverse the order for reimbursement of probation costs.

## FACTS[1]

On December 8, 1988, the Hesperia Fire Department was called to investigate five separate vegetation fires in Hesperia. Witnesses provided the officers with the license plate of a suspect vehicle which the officers began to pursue. The vehicle sped from the scene but the officers were eventually able to effectuate a felony stop, and defendant was arrested.

After he was read his rights, defendant told the officers he just wanted to take his frustrations out on something so he lit each fire by wadding up a piece of paper, lighting it with his Zippo lighter and tossing it out the window. He had been drinking but claimed he was not drunk.

After defendant agreed to plead guilty to one count of arson, the remaining four counts of arson and one count of evading an officer were dismissed. In his statement to the probation officer, defendant claimed he was wasted on alcohol at the time of the incident, that he did not start the fires and got scared when the police started chasing him. In a report prepared pursuant to Evidence Code sections 1017 and 952, Craig C. Rath, Ph.D., a clinical psychologist, stated that defendant had a predisposition toward agitation and hyperactivity and was rebellious and hostile toward authority figures. There is also an indication that the fires were near the home of a John C. Austerman, who had been encountering problems with defendant because of defendant's belief that Mr. Austerman had stolen defendant's girlfriend away from him.

## REGISTRATION UNDER PENAL CODE SECTION 457.1

 Defendant contends the registration requirement imposed pursuant to Penal Code section 457.1[2] was improper. Penal Code section 457.1, subdivision (b), gives the trial court the discretion to require a convicted arsonist to register with the appropriate law enforcement officer for the area in which the defendant resides.

The court may require registration not only as a reasonable condition to a grant of probation, as in this case, but in addition to any sentence or other

---

[1] The facts are taken from the probation report.

[2] At the time of the offense, Penal Code section 457.1, subdivision (b) read as follows: "Upon a conviction of the offense of arson or attempted arson, the court may impose, in addition to any other penalty prescribed by law, a requirement that the person shall, within 30 days, register with the chief of police of the city in which he or she resides, or the sheriff of the county if he or she resides in an unincorporated area, and shall register within 30 days of coming into any county or city in which he or she expects to reside or is temporarily domiciled for at least 30 days. *The court shall not require the person to register unless it finds that the person in committing the offense exhibited compulsive behavior, and unless it states on the record the reasons for its findings.*" (Italics added.)

penalty prescribed by law which the court might impose.[3] The only limitation on the court's discretion to require registration is that the court is obligated to first find that in committing the offense, the defendant exhibited compulsive behavior. Penal Code section 457.1 further requires the court to state its reasons for the finding of compulsive behavior.

Defendant contends that although the trial court expressly found that he had exhibited compulsive behavior in committing the arson, the registration requirement is invalid because the trial court did not state its reasons for this finding on the record. He also contends there is no basis for finding compulsive behavior.

Admittedly the trial court did not give its reasons for its finding of compulsive behavior. The question is what is the effect of this omission. Defendant contends that the registration requirement should be stricken and that a remand would be futile because there is nothing in the record to support a finding of compulsive behavior. We disagree.

First, we dispel any notion that this failure to state reasons automatically requires the requirement to be stricken. At best, defendant would be entitled to a remand for further consideration by the trial court and to afford the trial court the opportunity to state its reasons on the record.

Nor do we believe that a remand is automatically required. In the analogous situation where the trial court fails to state reasons for its sentencing choice, the matter need not be remanded to the trial court when the omission is harmless error, i.e., when there is no reasonable probability that defendant would obtain a more favorable result. (*People* v. *Porter* (1987) 194 Cal.App.3d 34, 39 [239 Cal.Rptr. 269]; *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-839 [155 Cal.Rptr. 780].) To remand for an express statement of reasons when the finding is amply supported by the record "would result in an exaltation of form over substance." (*People* v. *Bravot* (1986) 183 Cal.App.3d 93, 98 [227 Cal.Rptr. 810].) Accordingly, if the trial court's finding that defendant exhibited compulsive behavior in committing the offense is supported by the record and there is nothing to suggest the offense was not the result of compulsive behavior, remand is not necessary.

Defendant contends that his statement that he " 'just wanted to take [his] frustrations out on something, so [he] lit the fires' " is insufficient to establish that he was *compelled* to set the fires. Plaintiff contends that defendant's behavior fits the criterion outlined in the Diagnostic and Statistical Manual

---

[3] It is noted that subdivision (g) of Penal Code section 457.1 requires that a first-time arsonist comply with this section for five years after termination of probation.

of Mental Disorders (3d ed. rev. 1987) at page 321. This manual defines compulsive behavior as a disorder of impulse control with its salient features involving (1) a failure to resist an impulse, drive or temptation to perform some act harmful to others; (2) an increasing sense of tension before committing the act; and (3) an experience of pleasure, gratification or release at the time of committing the act.

While the statute contains no definition of "compulsive behavior," the purpose of the registration requirement itself sheds light on its meaning. Registration requirements generally are based on the assumption that persons convicted of certain offenses are more likely to repeat the crimes and that law enforcement's ability to prevent certain crimes and its ability to apprehend certain types of criminals will be improved if these repeat offenders' whereabouts are known. (3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 1416, p. 1678.) Accordingly, the Legislature has determined that sex offenders (Pen. Code, § 290), narcotics offenders (Health & Saf. Code, § 11590) and arsonists (Pen. Code, § 457.1) are likely to repeat their offenses and therefore are subject to registration requirements.

■ Unlike sex offenders and narcotics offenders, where the registration requirement is automatically imposed, in the case of arsonists, the registration requirement is only imposed if the trial court finds that the defendant exhibited compulsive behavior. We presume the Legislature chose not to make the registration requirement automatic out of recognition that not all arsonists are likely to repeat the offense. For example, a defendant who sets fire to his own building for purposes of collecting insurance proceeds is not necessarily likely to repeat the offense. On the other hand, a person who commits arson for no apparent reason or simply because he or she receives gratification or pleasure in setting fires is more likely to repeat the offense. Accordingly, in determining whether a defendant exhibited compulsive behavior, the trial court in essence is required to determine whether the circumstances of the offense and the offender make it likely the defendant will repeat the offense such that the purpose of registration is served by imposing the requirement.

In making its determination, we do not believe the court is required to conduct an evidentiary hearing or enlist the aid of psychiatric experts to determine whether the defendant meets all of the critera set forth in the diagnostic manual. While reference to the manual may be helpful, the fact that a particular defendant would not be diagnosed by experts as having exhibited compulsive behavior as defined by that manual does not mean the trial court cannot require registration if the circumstances warrant a conclusion that the defendant is likely to repeat the offense.

■ Here we believe the record amply supports the trial court's finding of compulsive behavior within the meaning and the purpose of Penal Code section 457.1. By defendant's own admission, he set the fires to release his sense of frustration. By his own admission, he clearly meets two of the criteria set forth in the diagnostic manual in that he failed to resist an impulse, drive or temptation to perform an act harmful to others and apparently experienced a release or some sense of gratification in committing the arsons. That defendant is likely to experience a sense of frustration again cannot be doubted, particularly in light of his predisposition towards agitation and hyperactivity and his rebellious and hostile attitude towards authority figures. This in turn makes it probable that he will again turn to arson as a means to relieve his frustration.

The trial court recognized that these fires were the result of defendant's inability to control himself and ordered defendant to obtain psychological counseling to gain insight into his arson problem. In light of the record and the court's comments, it is not reasonably probable that defendant would obtain a more favorable result if we were to remand this matter for an explicit statement of reasons.[4]

## WARRANTLESS SEARCHES

■ Citing *In re Bushman* (1970) 1 Cal.3d 767 [83 Cal.Rptr. 375, 463 P.2d 727] and *People* v. *Mason* (1971) 5 Cal.3d 759 [97 Cal.Rptr. 302, 488 P.2d 630], defendant contends that the condition requiring him to submit to warrantless searches is invalid because it is not reasonably related to deterring or preventing him from committing the crime of arson in the future. Before determining whether the condition is valid, however, we feel compelled to point out that the disjunctive test for determining the validity of the condition as stated in *Bushman* and *Mason* was specifically overruled in *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].

As noted by the court in *Lent*, a probation condition will only be invalidated if (1) it has no relationship to the crime of which defendant was convicted; (2) relates to conduct which in itself is not criminal; *and* (3)

---

[4] Although we uphold the registration requirement notwithstanding the trial court's failure to comply with the express directions of Penal Code section 457.1, this does not mean that we condone the trial court's inaction or that we find the statutory requirements of little importance. Appellate courts should not be required to search the record for reasons to support the trial court's exercise of discretion particularly when the statute specifically directs the trial court to make findings and state reasons. In this case, we simply find that that record amply reveals reasons to support the trial court's finding of compulsive behavior and there is nothing in the record which would suggest that defendant did not exhibit compulsive behavior. In a closer case, the trial court's failure to comply with the requirements of Penal Code section 457.1 would be more significant and might possibly warrant reversal.

requires or forbids conduct which is not reasonably related to future crimi-
nality. In *Bushman* and *Mason,* the court had erroneously stated the test in
the disjunctive rather than conjunctive. Thus prior to *Lent,* it appeared a
defendant could successfully challenge a probation condition by simply
establishing that the condition failed to meet one of the tests. However, as
corrected under *Lent,* the test now requires a defendant to establish not
only that the condition has no relationship to the crime but also that it
relates to noncriminal conduct and is not reasonably related to future
criminality.

Defendant's challenge focuses exclusively on the fact that there is no
evidence that defendant had a propensity for possessing incendiary materi-
al. Thus, defendant contends, there is no reason to believe that police would
locate such materials in a warrantless search. However, the provision for
warrantless searches is not intended solely to prevent defendant from pos-
sessing incendiary materials. Rather, a warrantless search condition is in-
tended and does enable a probation officer "'to ascertain whether [the
defendant] is complying with the terms of probation; to determine not only
whether [the defendant] disobeys the law, but also whether he obeys the
law. Information obtained . . . would afford a valuable measure of the
effectiveness of the supervision given the defendant and his amenability to
rehabilitation.'" (*People* v. *Mason, supra,* 5 Cal.3d 759, 763-764, overruled
on other grounds, *People* v. *Lent, supra,* 15 Cal.3d 481, 486, fn. 1.)

Considering defendant's predisposition toward agitation and hyperactivi-
ty and the fact that these fires were apparently set by defendant as a release
from his frustrations and possibly as a result of his use of alcohol, the
warrantless search condition, the prohibitions against excessive alcohol use
and possessing dangerous weapons and the counseling condition together
are all geared toward preventing future criminality, whether such future
crime be arson or any other crime defendant might commit because of
frustration or agitation. The warrantless search condition is reasonably
related to the offense in that it provides a means by which the probation
officer can ascertain whether defendant is complying with the terms of
probation and obeying the law. The condition is valid.

## REIMBURSEMENT OF PROBATION COSTS

 Finally, defendant contends that the court erred in ordering him to
reimburse the county its costs of probation and the cost of the presentence
investigation and report without first holding a hearing as required under
Penal Code section 1203.1b. We agree and accordingly reverse that order.

Penal Code section 1203.1b, subdivision (a) states that "[i]n any case in
which a defendant is convicted of an offense and granted probation, the

court . . . shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of probation; and of conducting the presentence investigation and preparing the presentence report made pursuant to Section 1203 . . . . The court shall order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of such costs. At a hearing, the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses, and to disclosure of the evidence against the defendant, and a written statement of the findings of the court or the county officer . . . ."

In this case, the court failed to conduct a hearing before finding that defendant had the ability to pay the costs of probation and the cost of the presentence investigation and report. More fundamentally, because no hearing was conducted, there is no evidence to support the court's finding that defendant had the ability to pay. In *People* v. *McDowell* (1977) 74 Cal.App.3d 1, 4 [141 Cal.Rptr. 124], the court held that the requirement of a hearing under Penal Code section 987.8, which is analogous to Penal Code section 1203.1b, required the trial court to take evidence on the issue of the defendant's ability to pay and accordingly determined that the unsworn statements of the district attorney did not constitute evidence. Similarly, here the requirement of a hearing includes a requirement that evidence of the defendant's ability to pay be admitted.

Even if we were to find that a separate hearing at which evidence was presented was not required, we would reverse the order for reimbursement. While it is true the defendant admitted he was presently working at the time of pronouncement of judgment, we note the court ordered the defendant to serve one year in jail before beginning the three years' supervised probation. Obviously, defendant will lose his current job while in jail and there is no evidence that he otherwise will have the ability to pay during that one-year period. Further, while Penal Code section 1203.1b, subdivision (b) requires the court to consider the defendant's present financial position as well as his "reasonably discernible future financial position," it prohibits the court from considering a period more than six months from the hearing date to determine future financial position. There is no evidence that within six months after the hearing on his ability to pay, defendant will have the ability to pay.

Although we find the court erred in ordering reimbursement without first conducting a hearing on the defendant's ability to pay and accordingly reverse this order, we note that Penal Code section 1203.1b, subdivision (a) allows the court to hold additional hearings during the probationary period.

Accordingly, nothing in this opinion should be construed to prohibit the trial court from conducting a proper hearing to determine defendant's ability to pay at any time during the probationary period.

## DISPOSITION

The order granting probation and the terms thereof is affirmed. The order for reimbursement of probation costs is reversed.

Timlin, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied November 2, 1990, and appellant's petition for review by the Supreme Court was denied January 3, 1991.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.