[No. E007519. Fourth Dist., Div. Two. Nov. 5, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN WAYNE MONDAY, Defendant and Appellant.

**COUNSEL**

Charles L. McKinstry, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—Defendant and appellant Kevin Wayne Monday pleaded guilty to violating Health and Safety Code section 11378 (possession for sale of a controlled substance—in this case, methamphetamine). By this appeal he challenges only the trial court's finding that a motor vehicle was involved in the offense within the meaning of Vehicle Code section 13202, subdivision (a), and the order that his driver's license be suspended for one year. We hold that the circumstances justified the application of the statute and affirm the judgment.

FACTS

The facts are not in dispute and are taken primarily from the testimony at the preliminary hearing.

While executing a search warrant at the residence of a third party, deputies from the San Bernardino County Sheriff's Office observed a vehicle approach without its lights on. When the deputies shined a flashlight into the car's interior, they observed the passengers to be armed with shotguns. As a result, defendant, the driver, was asked to get out of the car. He confirmed ownership of the numerous weapons in the vehicle, and methamphetamine was found on his person during a booking search at the jail. Defendant admitted routinely selling methamphetamine.

Following his plea, defendant told the probation officer that his wife had thrown him out of the house on the day of his arrest, which accounted for the presence of the armory in his vehicle.

## DISCUSSION

█ Vehicle Code section 13202, subdivision (a), permits the court to suspend a license, or to order the Department of Motor Vehicles to revoke a license, where the person concerned has been convicted "of any offense related to controlled substances as defined in Division 10 (commencing with Sec. 11000) of the Health and Safety Code when the use of a motor vehicle was involved in, or incidental to, the commission of the offense."[1]

Defendant relies on this court's decision in *People* v. *Poindexter* (1989) 210 Cal.App.3d 803 [258 Cal.Rptr. 680], construing Vehicle Code section 13350 and holding that the suspension governed by that section may only be imposed if "there was a nexus between the offense and the vehicle . . . ." (*People* v. *Poindexter, supra,* at p. 808.) However, the material differences in language between Vehicle Code sections 13202 and 13350 require a different result in construing the former—a result foreshadowed by our comments in *Poindexter.*

Vehicle Code section 13350 requires suspension where a person is convicted of any felony in which a motor vehicle is "used." As we noted in both *Poindexter* and *People* v. *Paulsen* (1989) 217 Cal.App.3d 1420 [267 Cal.Rptr. 122], the concept of "use" requires a substantial connection between the vehicle and the crime. We analogized with cases concerning weapon use under Penal Code section 12022.5—cases which in turn relied on dictionary definitions in construing the term as meaning "to 'make instrumental to an end'. . . 'apply to advantage'." (*People* v. *Chambers* (1972) 7 Cal.3d 666, 672 [102 Cal.Rptr. 776, 498 P.2d 1024].) Thus, in *Poindexter*, the vehicle was not "used" where defendant arrived at the crime

---

[1] Section 13202, subdivision (b), provides a mandatory suspension for specified drug offenses, not including Health and Safety Code section 11378.

site, apparently fortuitously, in a car; committed a grand theft, and left. In *Paulsen*, by contrast, a vehicle *was* "used" and Vehicle Code section 13350 was held properly invoked, where defendant's scheme to defraud retail stores required, as an essential element, the availability of vehicles to transport and store the stolen merchandise.

In *Poindexter*, we noted the difference between the situation in which there is a nexus between the vehicle and the crime, and that in which the vehicle is merely incidental. The implication of our discussion is that the vehicle in that case was no more than incidental to the theft, and we will assume, arguendo, that defendant's occupancy of the vehicle while he carried methamphetamine similarly had no substantial connection to the crime.[2] However, the statute requires no such connection.

Vehicle Code section 13202, subdivision (a), does not require that the vehicle have been "used" in the commission of the listed crimes. Instead, the suspension is authorized if the vehicle is "involved in, or incidental to the commission of the offense."[3] As generally understood, and as argued by defendant, "incidental" implies only a weak or even unintentional connection; it may be defined as "subordinate, non-essential, or attendant in position or significance . . ." (Webster's New Internat. Dict. [3d ed. 1961] p. 1142.) Unfortunately for defendant, his employment of a vehicle to move both himself and the contraband readily meets this low standard.

Nor is this result unjust or unreasonable. The Legislature has generally provided more severe penalties for the transportation of narcotics and other dangerous drugs than for simple possession or even possession for sale. (Cf.: Health & Saf. Code, §§ 11350, 11351, and 11352; §§ 11377, 11378, and 11379.) This represents a recognition that the fact of transporting contraband carries an increased potential for harm, regardless of the purpose of the transportation. (*People* v. *Rogers* (1971) 5 Cal.3d 129, 136-137 [95 Cal.Rptr. 601, 486 P.2d 129].)

In this case, under the holding in *People* v. *Rogers, supra*, defendant could have been charged with the more serious offense of transporting methamphetamine. Instead, having been charged with possession for sale, he was still properly subject to the license suspension under Vehicle Code section

---

[2] There was no evidence, for example, that defendant was driving the vehicle with the specific intent to reach a buyer for the methamphetamine, or that the drugs were normally stored in the vehicle.

[3] Webster's gives numerous definitions of "involve," most of which are not relevant. Those most closely applicable include "connect, link" and "engage, employ." We focus our discussion on "incidental," however, as the term sweeps more broadly and appears to define the outer limits of the statute.

13202, subdivision (a). While the vehicle in which he was travelling was only incidental to the offense, the added punishment is reasonably addressed to the dangers and criminal opportunities created by the ready mobility of contraband.

In summation, we hold that the court may apply the provisions of Vehicle Code section 13202, subdivision (a), in circumstances which would not support a finding of "use" under Vehicle Code section 13350. While we will here not attempt to set in stone the boundaries of "involved in, or incidental to," the phrase is broad enough to cover this case.

The judgment is affirmed.

Dabney, J., and Timlin, J., concurred.