Filed 3/24/14  P. v. Dejong CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

      Plaintiff and Respondent,

         v.

MARC JOHN DEJONG,

      Defendant and Appellant.

F065572

(Super. Ct. No. CRF37916)

**OPINION**

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Francisco Valentin Cortés, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J. and Peña, J.

A jury found defendant, Marc John Dejong, guilty of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)[1]) and obstructing a telephone line (§ 591). The trial court granted probation and ordered that defendant pay certain fines and fees. On appeal, defendant contends: (1) the trial court erred in failing to specify the statutory basis for each fine and fee it imposed and (2) the trial court erred in ordering as conditions of probation that he pay the cost of preparation of the presentence report and the cost of probation supervision. We will strike the challenged probation conditions and remand for further proceedings.

## DISCUSSION[2]

### I. Statutory Basis for Each Fine and Fee

Defendant contends, and the People concede, that remand is necessary for the trial court to state the statutory basis for each fine and fee imposed. We agree that neither the oral pronouncement, nor the order granting probation, properly lists these details. All fines, fees, and penalties imposed must be separately listed in the abstract of judgment with the statutory basis for such amounts set forth. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.) Where, as here, the defendant is placed on probation and no abstract of judgment is issued, the trial court must prepare an order specifying the statutory bases of all fees, fines, and penalties imposed. (*People v. Eddards* (2008) 162 Cal.App.4th 712, 718.) We will remand to allow the trial court to do so.

### II. Reimbursement of Probation Costs as Conditions of Probation

Defendant's order granting probation requires that he pay the $575.25 cost of preparation of the presentence report and the $30.75 monthly cost of probation supervision services. Defendant argues these cost reimbursement fees were improperly made conditions of his probation. Again, we agree.

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    The facts of the offenses are not relevant.

Section 1203.1b "permits the trial court to require a defendant to reimburse probation costs if the court determines, *after hearing*, that the defendant has the ability to pay all or a portion of such costs." (*People v. Bennett* (1987) 196 Cal.App.3d 1054, 1056.) But probation may not be conditioned on the payment of these costs, including the cost of preparation of the presentence report and the cost of probation supervision. (*People v. Hart* (1998) 65 Cal.App.4th 902, 906-907; *People v. Bennett, supra,* at pp. 1056-1057.)

In this case, the order granting probation, which defendant signed, does not contain a heading for terms and/or conditions, although many are listed. Next is a heading for "PROBATION FEES," which are listed below that heading (and include the challenged fees). Immediately after the fees is the following statement: "I HEREBY CERTIFY THAT I UNDERSTAND THE ABOVE ORDER AND PROBATION TERMS AND DO AGREE TO ABIDE BY THEM." In our opinion, the form suggests that everything above this certification statement is included in the probation terms. Furthermore, at the sentencing hearing, the court stated: "The Court will grant probation, will suspend the imposition of sentence, and defendant will be admitted to probation for five years under the terms and conditions set forth in the form of order granting probation, which [defendant] has accepted by his signature on the order granting probation."

We believe that a fair construction of both the written order and the court's oral pronouncement of judgment support the conclusion that the fees covering the cost of preparation of the presentence report and the cost of probation supervision were conditions of probation. Thus, we will strike the challenged conditions.

As indicated above, section 1203.1b permits the court to require a defendant to reimburse these costs, but before such reimbursement is imposed, the "court shall order the defendant to appear before the probation officer … to make an inquiry into the ability of the defendant to pay …. The probation officer … shall inform the defendant that the

3

defendant is entitled to a hearing … in which the court shall make a determination of the defendant's ability to pay and the payment amount.  The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (§ 1203.1b, subd. (a).)  On remand, the trial court shall address this matter in compliance with section 1203.1b.  (*People v. Adams* (1990) 224 Cal.App.3d 705, 712-714 [hearings under § 1203.1b may be held at any time during probationary period].)

## DISPOSITION

The conditions of probation requiring that defendant pay the cost of preparation of the presentence report and the cost of probation supervision are stricken.  The matter is remanded, and the trial court is directed to conduct further proceedings to determine the appropriateness and amount of probation costs under section 1203.1b, and also to prepare an order specifying all fines and fees with the statutory basis for each.  In all other respects, the judgment is affirmed.