[No. H011104. Sixth Dist. May 24, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ALLEN PHILLIPS, Defendant and Appellant.

**COUNSEL**

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ELIA, J.—David Allen Phillips appeals a judgment of conviction entered upon his negotiated plea of nolo contendere to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and one count of being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)). On appeal, defendant contends that an order requiring him to pay probation costs is invalid because the court failed to make a determination of his ability to pay such costs as required by Penal Code[1] section 1203.1b. Defendant also challenges an order for reimbursement of the costs of court-appointed counsel on the following grounds: (1) he was not notified of the time and place of the hearing as required by section 987.8; (2) he was not afforded a separate hearing on his ability to pay; and (3) there was insufficient evidence of his present ability to pay legal fees. For reasons stated below, we affirm.

BACKGROUND[2]

After accepting defendant's plea, the court referred the matter to the probation department for a report and recommendation.

The probation officer's report noted that prior to his arrest, defendant's average income per week from the sales of methamphetamine was enough to pay for his motel room and his drug habit of approximately $50 per day. At the time of his interview with the probation officer, defendant indicated he was unemployed "with the exception of working under the table periodically doing roofing or tree jobs or any other thing he can pick up." Defendant had recently been reinstated in the roofer's union and expected to be working in the near future. Defendant was single, had no children, and was currently residing with a friend. He paid "whatever money he [could]" for rent.

Among other things, the probation officer's report recommended that defendant pay a presentence investigation fee not to exceed $300 (§ 1203.1b), a probation supervision fee not to exceed $20 per month (§ 1203.1b), and attorney fees, if appropriate. The probation report made no recommendation on defendant's ability to pay these latter costs.

When defendant appeared for judgment and sentence on March 30, 1993, the court suspended imposition of sentence and placed defendant on formal probation for three years under various terms and conditions, including the service of an eight-month county jail term, with a surrender date of May 27,

---

[1] All unspecified section references are to the Penal Code.
[2] The facts underlying the offenses are not relevant to the issues raised on appeal.

1993. After stating the terms of probation, the court asked defendant to state the nature of his employment. Defendant informed the court that he was employed on a part-time basis for Ernie's Trees and earned approximately $800 per month. After eliciting this information, the court imposed a restitution fund fine of $200, a $50 laboratory fee, a drug education program fee of $50, a presentence investigation fee which was not to exceed $300, and probation supervision fees not to exceed $20 per month. Upon the court's inquiry, defendant accepted probation under the terms and conditions the court had enumerated. The court then made an additional order requiring defendant to reimburse the county the sum of $150 for the services of the public defender.

DISCUSSION[3]

## I. *Probation Costs*

Former section 1203.1b states in relevant part: "(a) In any case in which a defendant is convicted of an offense and granted probation, the court, taking into account any amount which the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of probation; and of conducting the presentence investigation and preparing the presentence report made pursuant to Section 1203. . . . The court shall order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of such costs. At a hearing, the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses, and to disclosure of the evidence against the defendant, and a written statement of the findings of the court or the county officer. . . . In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution. The court may hold additional hearings during the probationary period. . . ." (§ 1203.1b, subd. (a), Stats. 1989, ch. 1059, § 1, p. 3666.)

---

[3]In their brief, filed August 27, 1993, the People argue that the instant appeal is inoperative because defendant did not obtain a certificate of probable cause and failed to state the grounds of the appeal as required by California Rules of Court, rule 31(d). On September 15, 1993, defendant filed a motion for relief from default in which he submitted an amended notice of appeal stating that the appeal is "based solely on grounds occurring after entry of [defendant's plea of no contest] that do not challenge the validity of the plea." (Motion for relief from default.) By order dated September 23, 1993, this court granted the motion and deemed the original notice of appeal amended to state the requisite grounds. In view of the court's order deeming the appeal to be operative, we need not address the issue in this opinion.

Subdivision (b) of former section 1203.1b defines the "ability to pay" as "the overall capability of the defendant to reimburse the costs, or a portion of the costs," and includes, among other things, the defendant's present financial position; reasonably discernible future financial position during the six-month period from the date of the hearing, and the likelihood that the defendant shall be able to obtain employment during this period. (§ 1203.1b, subd. (b).)[4]

 *Citing People* v. *Adams* (1990) 224 Cal.App.3d 705 [274 Cal.Rptr. 94], defendant contends the order requiring him to pay presentence investigation fees and costs of probation supervision must be reversed because the sentencing court failed to make a proper determination of his ability to reimburse these fees and costs as required by section 1203.1b.

In *Adams*, the defendant answered questions concerning his employment at the time judgment was pronounced. However, based on its conclusion that section 1203.1b requires a separate hearing at which evidence must be formally presented, *Adams* held that the trial court had failed to conduct a hearing on the defendant's ability to pay the costs of probation and the presentence investigation and report. Since no separate hearing had been held, the reviewing court concluded there was no evidence to support the trial court's finding that the defendant had the ability to pay. (*People* v. *Adams, supra,* 224 Cal.App.3d at pp. 712-713.) Assuming that a separate hearing was not required, *Adams* alternatively held that the defendant's admission that he was currently employed was insufficient to support the court's finding because there was no evidence the defendant would retain any income during the one-year jail term he had been ordered to serve prior to the commencement of probation. Accordingly, *Adams* reversed the order for reimbursement. However, relying upon the statutory provision permitting the court to hold additional hearings during the probationary period (§ 1203.1b, subd. (a)), *Adams* made it clear that the trial court would not be prohibited "from conducting a proper hearing to determine defendant's ability to pay at any time during the probationary period." (224 Cal.App.3d at p. 714.)

We do not find the decision in *Adams* to be dispositive. First, *Adams* appears to assume, without deciding, that former section 1203.1b requires

---

[4]Former section 1203.1b, subdivision (b) states: "The term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation, preparing the presentence report, and probation, and shall include, but shall not be limited to, the defendant's: [¶] (1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining reasonably discernible future financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the six-month period from the date of the hearing. [¶] (4) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs." (Stats. 1989, ch. 1059, § 1, p. 3667.)

the court to conduct a separate hearing, apart from the sentencing proceeding, in which evidence is formally presented on defendant's ability to pay. We do not read the statute as imposing such requirements.

" '[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute[s] themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. . . . The words of the statute must be construed in context, keeping in mind the statutory purpose . . . .' [Citation.]" (*People* v. *Turner* (1993) 15 Cal.App.4th 1690, 1696 [19 Cal.Rptr.2d 736].) "In addition, statutes must be construed so as to give a reasonable and common-sense construction consistent with the apparent purpose and intention of the lawmakers—a construction that is practical rather than technical, and will lead to wise policy rather than mischief or absurdity. [Citation.] In approaching this task, the courts may consider the consequences which might flow from a particular interpretation and must construe the statute with a view to promoting rather than defeating its general purpose and the policy behind it. [Citation.]" (*People* v. *Martinsen* (1987) 193 Cal.App.3d 843, 848 [238 Cal.Rptr. 530].)

Looking at the language of former section 1203.1b, we see that the statute makes no specific reference to a separate hearing, nor does it contain any language compelling the conclusion that the ability-to-pay hearing may not be conducted as part of the sentencing process. Secondly, although the statute indicates that a defendant is entitled to various procedural rights at the hearing, this cannot be read as excluding a more informal procedure with a defendant's acquiescence.

Policy considerations also support a more flexible interpretation of the statute. ██ Section 1203.1b and other recoupment statutes reflect a strong legislative policy in favor of shifting the costs stemming from criminal acts back to the convicted defendant. (Cf. *People* v. *Dailey* (1991) 235 Cal.App.3d Supp. 13, 20 [286 Cal.Rptr. 772].) In the related area of reimbursement for the cost of providing court-appointed counsel, courts have recognized that recoupment statutes demonstrate legislative concern for " 'replenishing a county treasury from the pockets of those who have directly benefited from county expenditures.' " (*People* v. *Amor* (1974) 12 Cal.3d 20, 27 [114 Cal.Rptr. 765, 523 P.2d 1173], quoting *Rinaldi* v. *Yeager* (1966) 384 U.S. 305, 309 [16 L.Ed.2d 577, 580, 86 S.Ct. 1497].) It has also been acknowledged that the state has an important interest in recoupment laws in this age of expanding criminal dockets and the resulting heightened burden

on public revenues. Recoupment laws reflect legislative efforts to recover some of these added costs and conserve the public fisc. (12 Cal.3d at p. 27, citing *James* v. *Strange* (1972) 407 U.S. 128, 141 [32 L.Ed.2d 600, 610-611, 92 S.Ct. 2027].)

■ In sum, the language of section 1203.1b, considered in light of the section's clear legislative policy of conserving public funds, leads us to the conclusion that although section 1203.1b permits a separate hearing on a defendant's ability to pay probation costs, the statute does not prohibit a sentencing court from conducting the hearing as part of the sentencing process. (See *People* v. *Wilson* (1982) 130 Cal.App.3d 264, 268 [181 Cal.Rptr. 658].)

Similarly, the statute does not require a hearing at which evidence is formally presented if a defendant is amenable to an informal proceeding. On this latter point, we note that defendant does not claim he lacked notice of the time and place of the section 1203.1b hearing, nor did defendant voice any objection to the manner in which the hearing was conducted. Accordingly, we deem any objection to the lack of a formal hearing to be waived. Moreover, although some cases have invalidated orders for reimbursement based on the unsworn statements of adverse "witnesses" (see, e.g., *People* v. *McDowell* (1977) 74 Cal.App.3d 1, 4 [141 Cal.Rptr. 124] [court struck section 987.8 order premised upon unsworn statements of district attorney]), such a rule is inapplicable where the defendant himself is the source of the evidence, as was the case here.

■ Citing the *Adams* court's finding that the impending one-year jail term effectively precluded a finding of ability to pay, defendant contends that his imminent incarceration must be held to invalidate the order at issue here. We disagree. As noted above, in determining defendant's ability to pay, the court is permitted to consider various criteria, including defendant's present financial position, his future discernible financial position, the likelihood of employment during the six-month period following the hearing imposing costs, and any other relevant factors. In this case, contrary to the situation in *Adams* where the one-year term imposed by the trial court appears to have begun immediately upon the pronouncement of judgment, the court here fixed a surrender date of May 27, some two months after the sentencing hearing. Thus, in making its finding on defendant's ability to pay, the court necessarily focused upon defendant's present financial condition and his reasonably discernible future financial position for the two months preceding the commencement of his eight-month jail term. Given the evidence of defendant's monthly income during this period, coupled with the lack of support or other obligations, we believe the sentencing court could

properly find that defendant had the ability to pay a one-time fee, not to exceed $300, for the cost of the presentence investigation and report and a monthly supervision fee of $20.

Were we to accept defendant's construction of section 1203.1b, we would be compelled to adopt a rule proscribing a finding of ability to pay in every case where the trial court imposes a jail term of six months or more as a condition of probation and where the recoupment order is made prior to the defendant's incarceration. We do not believe that such a construction is consistent with the legislative intent to protect public assets by requiring convicted defendants to take fiscal responsibility for public expenditures necessitated by their criminal acts. While such a rule may be necessary in cases such as *Adams* where a defendant begins serving a jail term immediately upon the pronouncement of judgment, we believe section 1203.1b permits more flexibility in cases such as this, where the evidence demonstrates not only a present ability to pay, but a continuing ability pending defendant's incarceration in two months' time. Although it is true that the statute prohibits the court from considering "a period of more than six months from the date of the hearing for purposes of determining reasonably discernible future financial position," neither does it mandate consideration of the full six-month period. Moreover, the Legislature has incorporated into the statute a procedure whereby a defendant "may petition the rendering court to modify or vacate its previous judgment on the grounds of a change of circumstances with regard to the defendant's ability to pay the judgment." (Former § 1203.1b, subd. (c), Stats. 1989, ch. 1059, § 1, p. 3667.) Thus, the statute not only contemplates situations where there may be a change in circumstances, but explicitly provides a remedy therefor.

In view of the foregoing considerations, we hold that the order for reimbursement of probation costs was not invalidated by defendant's impending incarceration.

■ We also find sufficient evidence supporting the court's implied finding of defendant's ability to pay. By his own admission, defendant established he would be earning $800 per month during the two-month period preceding his incarceration. Defendant admitted that he supported only himself, and the probation report indicated that he had no other fixed financial obligations, spent only $50 per month on food, and gave the friend with whom he was living whatever he could afford for rent. Defendant did not offer any objections or corrections to the facts as stated in the probation officer's report.

Contrary to defendant's assertion, the fact that there was conflicting evidence on defendant's income and employment does not preclude a finding that the court's order is supported by substantial evidence. It is well-settled that on appeal "[w]e must 'view the evidence in a light most

favorable to the respondent and presume in support of the order the existence of every fact the trier could reasonably deduce from the evidence. . . .' [Citation.]" (*People* v. *McGuire* (1993) 14 Cal.App.4th 687, 698 [18 Cal.Rptr.2d 12].) Any conflicts in the evidence must be resolved in favor of the finding below. (*People* v. *Johnson* (1989) 47 Cal.3d 1194, 1231 [255 Cal.Rptr. 569, 767 P.2d 1047].) Applying this standard of review, we affirm the order for reimbursement of probation costs.

## II. *The Attorney Fee Order*

Defendant challenges the order assessing legal fees on three grounds: (1) lack of notice, (2) failure to conduct a separate hearing, and (3) lack of substantial evidence to support a present ability to pay. We address each contention seriatim.

### A. *Notice*

"[P]roceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing." (*People* v. *Poindexter* (1989) 210 Cal.App.3d 803, 809 [258 Cal.Rptr. 680], citing *People* v. *Amor, supra,* 12 Cal.3d 20, 29-30.) In California, the statutory procedure for determining a criminal defendant's ability to reimburse the county for the services of court-appointed counsel is set forth in section 987.8.[5] Under the statute, a court may order a defendant, who has the ability to pay, to reimburse the

---

[5]Section 987.8 states in pertinent part: "(b) In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided. . . . [¶] (d) If the defendant, after having been ordered to appear before a county officer, has been given proper notice and fails to appear before a county officer within 20 working days, the county officer shall recommend to the court that the full cost of the legal assistance shall be ordered to be paid by the defendant. The notice to the defendant shall contain all of the following: [¶] (1) A statement of the cost of the legal assistance provided to the defendant as determined by the court. [¶] (2) The defendant's procedural rights under this section. [¶] (3) The time limit within which the defendant's response is required. [¶] (4) A warning that if the defendant fails to appear before the designated officer, the officer will recommend that the court order the defendant to pay the full cost of the legal assistance provided to him or her. [¶] (e) At a hearing, the defendant shall be entitled to, but shall not be limited to, all of the following rights: [¶] (1) The right to be heard in person. [¶] (2) The right to present witnesses and other documentary evidence. [¶] (3) The right to confront and cross-examine adverse witnesses. [¶] (4) The right to have the evidence against him or her disclosed to him or her. [¶] (5) The right to a written statement of the findings of the court.

county for the costs of legal representation. However, the defendant must be given notice and afforded specific procedural rights, including the right to present witnesses at the hearing and to confront and cross-examine adverse witnesses. (§ 987.8, subd. (b); *People* v. *Poindexter, supra,* 210 Cal.App.3d 803, 809-810.) The statute also requires the court to advise a defendant—prior to the furnishing of legal counsel—of his potential liability for the costs of court-appointed counsel. (§ 987.7, subd. (f).) The statute provides that the ability-to-pay determination is to be made "upon the conclusion of the criminal proceedings." (§ 987.8, subd. (b).) ■ As this court recently noted in *People* v. *Turner, supra,* 15 Cal.App.4th 1690, 1695, "[t]his latter phrase has been interpreted to refer to the date of judgment [citations], which, in a criminal case, constitutes the date on which the trial court orally pronounces sentence. [Citation.] The statute permits an additional hearing on defendant's ability to pay so long as it takes place within six months of the judgment. [Citations.]"

■ In the instant case, defendant does not contend the court failed to give the requisite notice prior to ordering the appointment of counsel. He does argue, however, that he was not apprised of the time and place of the section 987.8 hearing, and thus did not expect the court to take up the matter

[¶] If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. . . . [¶] (f) Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. The court shall also give notice that, if the court determines that the defendant has the present ability, the court shall order him or her to pay all or a part of the cost. . . . [¶] (g) As used in this section: [¶] (1) 'Legal assistance' means legal counsel and supportive services including, but not limited to, medical and psychiatric examinations, investigative services, expert testimony, or any other form of services provided to assist the defendant in the preparation and presentation of the defendant's case. [¶] (2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense. [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant. [¶] (h) At any time during the pendency of the judgment rendered according to the terms of this section, a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment. The court shall advise the defendant of this right at the time it renders the judgment."

of legal fees during the sentencing hearing. In so arguing, defendant points out that the court made no reference to section 987.8 when it accepted defendant's change of plea, referred the matter to the probation officer for a report, and set the date for sentencing. In response, the People argue that defendant was afforded adequate notice of the time and place of the hearing by the probation officer's report, which included in its recommendations "Attorney Fees if appropriate," as one of several fines or fees which should be considered at the sentencing hearing. We agree.

" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice *reasonably calculated, under all the circumstances,* to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " (*People* v. *Amor, supra,* 12 Cal.3d at p. 29, quoting *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652], italics added.) The right to have notice of the time and place of the hearing is "essential to the fairness of the entire proceeding." (*In re Singh* (1965) 234 Cal.App.2d 455, 458 [44 Cal.Rptr. 474].) As noted above, section 987.8 also gives criminal defendants other similarly protected rights, such as the right to present witnesses and other evidence and the right to confront and cross-examine adverse witnesses. However, "these latter rights—relating more to the *conduct* of the hearing—may be of little value if [defendant] is not first given due notice of the time and place of the hearing . . . ." (*Ibid.,* italics in original.)

In the instant case, defendant is correct in pointing out that the trial court never gave any oral or written notice of the time and place of the hearing. This is clearly not the better practice. Nevertheless, we are satisfied that the probation officer's reference to attorney fees constituted notice *reasonably calculated, under all of the circumstances,* to apprise defendant that the matter would be taken up in the context of the sentencing hearing. Our conclusion is premised upon the following considerations.

First, in the analogous context of restitution and restitution fines, it has been held that "[a] defendant's due process rights are protected when the probation report gives notice of the amount of restitution claimed and expected to be ordered . . . , and the defendant has an opportunity to challenge the figures in the probation report at the sentencing hearing." (*People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 997 [262 Cal.Rptr. 141] [adequate notice of restitution fine in probation report]; *People* v. *Foster* (1993) 14 Cal.App.4th 939, 946, 947 [18 Cal.Rptr.2d 1] [similar holding relative to direct restitution to victim].)

Here, as noted above, the probation officer's report included attorney fees in its recommendations for issues which should be considered at the sentencing hearing. Under such circumstances, we see no reason why such a

recommendation should not be viewed as placing a defendant on notice that he or she should be prepared to proceed with the ability-to-pay hearing at time of sentencing.

The conduct of defense counsel at the sentencing hearing lends further support to our conclusion. Counsel did not offer any objection to the court's order for reimbursement on grounds of notice, lack of preparation, or lack of an opportunity to present evidence. The absence of any such objection indicates that defendant was not surprised by the court's consideration of his financial status and the subsequent order for reimbursement. (See *People* v. *Brown* (1970) 13 Cal.App.3d 876, 882 [91 Cal.Rptr. 904] [claim of inadequate notice is not viable where an accused who is represented by counsel participates in hearing].)

For the above-stated reasons, we find no merit to defendant's claim of inadequate notice.

B. *Whether Section 987.8 Requires a Separate Hearing*

■ Citing this court's decision in *People* v. *Faatiliga* (1992) 10 Cal.App.4th 1276, 1280 [13 Cal.Rptr.2d 190], defendant next contends that the order for reimbursement must be reversed because the trial court failed to hold a separate hearing. We find no merit to this contention.

As the People correctly point out, the issue in *Faatiliga* was the propriety of an order imposing reimbursement of attorney fees *as a condition of probation.* (10 Cal.App.4th 1276, 1280.) In dictum, the court stated that the financial ability hearing must be conducted after the criminal proceedings are completed "and not as a part of sentencing." (*Ibid.*) There is similar dicta in two California Supreme Court decisions, *People* v. *Amor, supra,* 12 Cal.3d at p. 26, and *In re Allen* (1969) 71 Cal.2d 388, 394 [78 Cal.Rptr. 207, 455 P.2d 143]. In *Allen* the court held that probation may not be conditioned upon a requirement that the defendant reimburse the county for the services of court-appointed counsel; the order in that case had been imposed at the sentencing hearing. In *Amor,* our high court considered and rejected various constitutional challenges to an earlier version of section 987.8. In the context of these discussions, the following language first appeared in *Allen* and was repeated in *Amor, supra,* 12 Cal.3d at page 26: " '[T]he introduction of budgeting considerations could well divert or dilute the attention which the judge must give to the specific considerations which the law requires him to have in mind in the sentencing process.' " It is axiomatic, however, that " 'cases are not authority for propositions not considered.' [Citation.]" (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1211 [26 Cal.Rptr.2d 23, 864 P.2d

103].) Since none of these cases directly addressed the propriety of considering reimbursement as part of the sentencing process, they may not be read as binding authority on that issue.

Defendant cites no direct holding, and we are aware of none, prohibiting the court from conducting the ability-to-pay hearing at the sentencing hearing. Moreover, as in the case of probation costs under section 1203.1b (see part I, *ante*), section 987.8 does not contain any language either mandating a separate hearing or prohibiting consideration of reimbursement for legal costs as part of the sentencing process. In addition, as with probation costs, a construction of section 987.8 which permits the court to take up the matter of legal costs at time of sentencing, is also consistent with the general purpose of the statute at issue, i.e., to conserve the public fisc. In sum, based on the language of the statute and sound policy considerations, we can perceive no valid basis for construing the statute as requiring the expenditure of additional public funds by requiring all of the interested parties to reconvene before the court at a later date. While this is clearly an option under the statute, section 987.8 by no means compels such a procedure. (See part I, *ante*.)

C. *The Sufficiency of the Evidence*

Defendant reiterates his claim that the evidence adduced below is insufficient to support the court's order for reimbursement. For reasons discussed above (see part I, *ante*), we find no merit in defendant's assignment of error.

DISPOSITION

The judgment is affirmed.

Cottle, P. J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 24, 1994.