Filed 4/19/13  P. v. Banales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061472 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF27831) |
| MARIO GERMAN BANALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed as modified.

A jury convicted defendant Mario German Banales of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 1) and of receiving a stolen motor vehicle (Pen.[1] Code, § 496d, subd. (a); count 2).  In a bifurcated proceeding, the trial court found Banales had two prison priors within the meaning of section 667.5,

---

[1]     All further statutory references are to the Penal Code.

subdivision (b), struck one of those priors and sentenced Banales to state prison for four years.

Banales raises three issues in this proceeding. First, he contends the sentencing court's order requiring him to pay $240 in restitution pursuant to section 1202.4, subdivision (b)(1) violated the constitutional prohibition against the ex post facto application of a law because the statutory minimum at the time he committed the instant offenses was $200 and because the court allegedly intended to impose the statutory minimum. Second, he contends the court erred in imposing an order preventing him from entering the premises of the Brawley Elementary School District (district) because he was denied probation. Finally, he contends the court erred in ordering him to pay $100 in court-appointed attorney fees pursuant to section 987.8.

As we explain, we agree with Banales's contention that the order to stay away from the premises of the district be stricken, inasmuch as Banales was denied probation. In all other respects, we affirm Banales's judgment of conviction.

BRIEF BACKGROUND

The relevant facts are not in dispute. A pickup truck belonging to the district was reported missing in late September 2011. A few days later, a district employee recognized the truck parked near a school.

The district's dispatcher notified district director of maintenance Marcelino Felician about the location of the stolen truck. Felician found the truck and called police. As Felician waited for police to arrive, Felician saw a male later identified as Banales get

2

into the driver's side of the truck and drive away with a male passenger. Before driving away, Felician saw the male driver put a backpack in the bed of the truck. Felician followed behind the truck until it stopped and saw both males exit the truck.

When police contacted Banales, he had the backpack strapped to his back. Banales told police the backpack belonged to him and admitted he was on parole. In a subsequent search of the backpack, police found inside an insurance card that matched the make, model and VIN number of the truck and some latex gloves. Police observed that the driver side window of the truck was broken, and the truck's ignition was modified to fit a screwdriver. Police found a flathead screwdriver on the passenger side floor of the truck.

## DISCUSSION

A. *Restitution Fine*

The record shows Banales committed the instant offenses in September 2011. At that time, section 1202.4, subdivision (b)(1) provided, "[t]he restitution fine shall be set at the *discretion* of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200) and not more than ten thousand dollars ($10,000)." (Stats. 2005, ch. 240, § 10, italics added.) Section 1202.4, subdivision (b), as amended in 2011 and effective January 1, 2012, provides for a minimum $240 fine. (See Stats. 2011, ch. 358.) The statutory maximum did not change, however. (See § 1202.4, subd. (b)(1).)

3

Banales contends the imposition of the $240 fine violated the constitutional prohibition against the ex post facto application of a law because the court intended to impose the statutory minimum and therefore erroneously imposed the minimum applicable in 2012 (i.e., $240), rather than the minimum that governed crimes committed before then (i.e., $200). We are not persuaded.

For one thing, there is no ex post facto application of section 1202.4, subdivision (b)(1) because the court had discretion to impose a restitution fine up to $10,000 and thus Banales was not subject to increased punishment when the sentencing court ordered him to pay $240. For another thing, the court is presumed to have followed the correct law, even if it did not explicitly state the law it was applying. (*Wilson v. Sunshine Meat & Liquor Co*. (1983) 34 Cal.3d 554, 562.) An appellant has the burden of affirmatively showing error, and we cannot find such error on the basis of mere speculation.

Indeed, the sentencing court here made no reference to applying the statutory minimum for the restitution fine, and there is nothing in the record to support such a finding. The sentencing court clearly was within its discretion when it ordered Banales to pay $40 more than the statutory minimum applicable at the time Banales committed the offenses. As such, we conclude the court did not abuse its discretion in ordering Banales to pay restitution of $240.[2]

_____

2       In light of our decision on the merits, we deem it unnecessary to decide whether Banales forfeited this claim by failing to raise it below. In any event, we note the issue of forfeiture in an analogous situation (i.e., involving a criminal justice administrative fee) is currently pending before our Supreme Court. (See *People v. McCullough*, review granted June 29, 2011, S192513.)

B. *Stay Away Order*

Banales next contends the court erred when it imposed the order to stay away from the district because Banales was denied probation.  The People concede this issue and thus we will order this condition stricken.

C. *Payment of Fees for Court-Appointed Attorney*

Finally, Banales contends he was denied due process of law based on the failure of the sentencing court to inform him of his statutory right to a hearing pursuant to section 987.8, subdivision (b)[3] on the issue whether he had the ability to pay all or a part of the costs for court-appointed counsel.

In a case similar to ours, the defendant in *People v. Phillips* (1994) 25 Cal.App.4th 62 (*Phillips*) challenged the order requiring him to pay $150 toward the costs of his court-appointed counsel because, among other things, the court had failed to give him notice of his right to a section 987.8 hearing, and the defendant had not expected "the court to take up the matter of legal fees during the sentencing hearing."  (*Phillips*, at pp. 73-74.)

---

3       Section 987.8, subdivision (b) states:  "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof.  The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings.  The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided."

In rejecting this argument, the court in *Phillips* held that the probation report's reference and recommendation regarding payment of attorney fees for court-appointed counsel "constituted notice *reasonably calculated, under all of the circumstances,* to apprise defendant that the matter would be taken up in the context of the sentencing hearing." (*Phillips*, *supra*, 25 Cal.App.4th at p. 74.) The court in *Phillips* saw "no reason why such a recommendation should not be viewed as placing a defendant on notice that he or she should be prepared to proceed with the ability-to-pay hearing at [the] time of sentencing." (*Id.* at pp. 74-75.)

We find the reasoning of *Phillips* persuasive. Like the defendant there, in our case Banales's probation report (which is part of the record) recommended that he pay $100 toward the services of his court-appointed counsel. Although not the preferred practice (see *Phillips*, *supra*, 25 Cal.App.4th at p. 74), we conclude the reference to attorney fees in the probation report provided Banales sufficient notice that the issue of payment of attorney fees could come up in the sentencing hearing and such notice satisfied due process.

Moreover, the court in *Phillips* noted the conduct of defense counsel at the sentencing hearing supported its conclusion that the defendant was afforded sufficient notice to be prepared for a section 987.8 hearing: "Counsel did not offer any objection to the court's order for reimbursement on grounds of notice, lack of preparation, or lack of an opportunity to present evidence. The absence of any such objection indicates that defendant was not surprised by the court's consideration of his financial status and the

6

subsequent order for reimbursement. [Citation.]" (*Phillips*, *supra*, 25 Cal.App.4th at p. 75.) Similarly, in the instant case the record shows Banales's defense counsel neither objected to the decision of the court to take up the attorney fees issue at sentencing nor to the $100 imposed by the court for reimbursement of such fees.

The court in *Phillips* also rejected the argument of the defendant that the section 987.8 hearing must be separate: "[S]ection 987.8 does not contain any language either mandating a separate hearing or prohibiting consideration of reimbursement for legal costs as part of the sentencing process. In addition, as with probation costs, a construction of section 987.8 which permits the court to take up the matter of legal costs at time of sentencing, is also consistent with the general purpose of the statute at issue, i.e., to conserve the public fisc. In sum, based on the language of the statute and sound policy considerations, we can perceive no valid basis for construing the statute as requiring the expenditure of additional public funds by requiring all of the interested parties to reconvene before the court at a later date. While this is clearly an option under the statute, section 987.8 by no means compels such a procedure." (*Phillips*, *supra*, 25 Cal.App.4th at p. 76.) Again, we find *Phillips* persuasive on this issue and conclude Banales was not entitled to a separate section 987.8 hearing regarding payment of attorney fees.

Finally, we separately reject Banales's contention he was denied due process of law in connection with this issue because the record shows that during the sentencing

hearing he consented to pay $100 toward the costs of his court-appointed counsel, as demonstrated by the following colloquy:

"[THE COURT:] Mr. Banales, the Court had advised you at your arraignment that when your case was over, you may be asked to reimburse the county for the costs of the Court appointed counsel. The recommendation is $100 for the cost of the Court appointed counsel. . . . There was quite a bit of time and preparation for this case. That amount is a tiny fraction of the amount of time that was spent. You agree to pay that amount?

"Mr. Banales: Pay what?

"THE COURT: The amount for attorney's fees, $100?

"Mr. Banales: All right.

"THE COURT: All right. That will be the order."

We also conclude Banales's consent to pay $100 is sufficient evidence to support the (implied) finding of the trial court that Banales had the resources to pay a small portion of the costs of his court-appointed counsel.[4]

## DISPOSITION

The order of the court requiring Banales to stay away from the district's premises is stricken. As modified, the judgment of conviction is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modified judgment

---

[4] In addition, we note from the probation report that Banales admitted he was using $20 worth of methamphetamine per day, which further supports the (implied) finding of the court that Banales had the ability to pay $100 toward the costs of his court-appointed counsel.

8

and to forward a certified copy thereof to the California Department of Corrections and Rehabilitation.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.