Filed 5/28/13 P. v. Seng CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B242906 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396030) |
| v. | |
| SAVIN SENG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas Rubinson, Judge. Affirmed as modified.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Savin Seng (appellant) appeals from the judgment entered following his negotiated no contest plea to possession of a firearm by a felon. His sole contention is the trial court's order that he pay $126 in attorney's fees for his court appointed counsel was improper. We affirm the judgment as modified.

## PROCEDURAL BACKGROUND[1]

Appellant was charged in an indictment with committing assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)),[2] attempted criminal threat (§§ 422, 664) and possession of a firearm by a felon (§ 12021, subd. (a)(1)). The indictment specially alleged appellant committed the offenses for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1), and appellant had suffered three prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Represented by appointed counsel, appellant made a motion to quash the indictment, which the trial court heard and denied. Thereafter, in accordance with a plea agreement, appellant pleaded no contest to possession of a firearm by a felon, admitted the gang allegation and one of the prior strike allegations and was sentenced to an aggregate state prison term of four years. Appellant received presentence custody credit of 274 days and was ordered to pay various fines and fees, including $126 in attorney's fees. The remaining counts and enhancement allegations were dismissed on the People's motion.

Appellant filed a timely notice of appeal. His certificate of probable cause was granted with respect to sentencing error.

## DISCUSSION

Appellant contends, the respondent acknowledges and we agree there was insufficient evidence to support the imposition of $126 for his appointed counsel's legal fees.

---

[1] The underlying facts are not relevant to the issue on appeal.

[2] Statutory references are to the Penal Code.

2

Section 987.8 authorizes a trial court to order a defendant to contribute to the cost of being represented by appointed counsel. Section 987.8, subdivision (b) provides that "the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost" of legal assistance provided through the public defender or appointed counsel. At the hearing, the defendant is entitled to be heard, to present evidence, to cross-examine adverse witnesses, and to receive a written statement of the reasons for the findings of the trial court. (*Id.* subd. (e); see *People v. Flores* (2003) 30 Cal.4th 1059, 1061.) Although the defendant's present ability to pay may be inferred from the content and conduct of the hearing (see *People v. Phillips* (1994) 25 Cal.App.4th 62, 71), whether express or implied the finding of ability to pay must be supported by substantial evidence. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398.)

Section 987.8, subdivision (g)(2) defines "[a]bility to pay" as a defendant's "overall" financial capability to pay and lists the following factors as relevant to this determination: (1) the defendant's "present financial position"; (2) the defendant's "reasonably discernible future financial position" during the six months following the ability-to-pay hearing; (3) the likelihood of employment during that period; and (4) any other facts relevant to the defendant's "financial capability." (§ 987.8, subd. (g)(2)(A)-(D).) Subdivision (g)(2)(B) of section 987.8 further provides: "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonable discernible future financial ability to reimburse the costs of his or her defense."

Here, the evidence was insufficient to support the trial court's implied finding that appellant had the present ability to pay appointed counsel's legal fees. At the conclusion of the sentencing hearing, the court simply ordered appellant to pay "attorney's fee[s]of $126." The court made no express findings with respect to appellant's present ability to pay or the existence of any "unusual circumstances." Nor did the court hear evidence regarding appellant's employment, financial position or assets. Furthermore, the

probation report shed no light on appellant's ability to pay because he was not interviewed.

The $126 at issue here, however, does not warrant the inevitable expenditure of public funds required by remand to the trial court.  In the interests of judicial economy, we strike the order that appellant pay $126 in appointed counsel's legal fees.

**DISPOSITION**

The judgment is modified to strike the $126 imposed as payment of appointed counsel's legal fees.  As modified, the judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

4