Filed 7/30/13  P. v. Scott CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MORRIS ENELL SCOTT,<br><br>    Defendant and Appellant. | G047218<br><br>(Super. Ct. No. 11HF0210)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed in part and reversed in part.

Zachary D. Winnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

The People charged defendant Morris Enell Scott with being a convicted felon and causing a concealed firearm to be in a vehicle. (Pen. Code, former § 12025, subds. (a)(3), (b)(1), now Pen. Code, § 25400, subds. (a)(3), (c)(1).) In a bifurcated trial, the jury convicted defendant of causing a concealed firearm to be in a vehicle and the court found defendant had suffered a prior felony conviction. The court sentenced defendant to the low term of 16 months in county jail. In a separate written order, but not in its oral pronouncement of sentence, the court ordered defendant to pay a $235 criminal justice administration fee (also known as a booking fee).

On appeal defendant contends the booking fee should be stricken. We agree. In all other respects, we affirm the judgment.

FACTS

Defendant was a passenger in a vehicle stopped by the police for a broken tail light. The police searched the vehicle. The search uncovered a laptop computer case containing a gun and bullets, as well as a ticket stub bearing defendant's name. Defendant admitted he owned the gun.

DISCUSSION

At the sentencing hearing on July 27, 2012, the court, after sentencing defendant to the low term of 16 months in county jail, stated, "The court will also impose the following fines: A $40 court operation fee, a $30 criminal conviction assessment fee. The court will also impose a state restitution fund fee of $200 as this [offense] did occur before January 1st of 2012." The court ordered defendant to pay the required fees within 18 months. Because defendant would receive credits while serving his 16-month jail term, the court reasoned that an 18-month payment due date for the fines would provide

2

defendant "plenty of cushion . . . to pay the fees." At the sentencing hearing, the court made no mention of a criminal justice administration fee or booking fee. Thus, defendant had no opportunity to object to the imposition of such a fee.

The record contains a written "Order to Pay County Criminal Justice Administration Fee" signed by the court on the sheriff's department's standard form, ordering defendant to pay $235 to the Orange County Sheriff's Department as a criminal justice administration fee pursuant to Government Code sections 29550, subdivision (c) and 29550.2, subdivision (a). Although the court's signature date is written as both July 27 and 28 of 2012, the superior court file stamped date is July 27, 2012.

The court minutes for that day state: "The Court grants request for booking fees. Request form filed. [¶] Pay $235 booking fees to Orange County Sheriff's Department."

Government Code section 29550.2 provides for the imposition of a criminal justice administration fee on any person who has been booked into a county jail pursuant to an arrest by a governmental entity and convicted of any criminal offense related to the arrest and booking, if the person has the ability to pay. (*Id.*, subd. (a).) A court's finding of a defendant's ability to pay may be express or implied and is reviewed for substantial evidence. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 71.)

"In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment. [Citation.] To the extent a minute order diverges from the sentencing proceedings it purports to memorialize, it is presumed to be the product of clerical error. [Citation.] Likewise, the abstract of judgment "'cannot add to or modify the judgment which it purports to digest or summarize.'" [Citations.] As with other clerical errors, discrepancies between an abstract and the actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing court when detected on appeal." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

3

Defendant contends the booking fee was not part of the judgment against him because it was never orally pronounced by the court. He urges us to strike the fee in the interests of judicial economy. The Attorney General disputes defendant's contention, arguing the court's written order properly imposed the fee despite the absence of an oral pronouncement. Nonetheless, the Attorney General concedes the "record is unclear as to whether the trial court considered [defendant's] ability to pay the booking fee [and therefore] this case should be remanded for the trial court to make such a finding or strike the fee."

The parties are correct the record does not show the court made any finding of defendant's ability to pay the booking fee. Such a finding is required by Government Code section 29550.2, subdivision (a), for the imposition of a booking fee. In the interests of judicial economy, we will strike the $235 booking fee.

DISPOSITION

We hereby strike the court's order requiring defendant to pay a $235 county criminal justice administration fee. In all other respects, the judgment is affirmed.

IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

4