Filed 12/18/13  P. v. Anderson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TINESHA JANELL ANDERSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B245449<br>(Super. Ct. No. 2010022686)<br>(Ventura County) |

Tinesha Janell Anderson pleaded guilty to one count of possession of cocaine base for sale.  (Health & Saf. Code, § 11352, subd. (a).)  The trial court suspended imposition of sentence, placed appellant on formal felony probation for 60 months and ordered her to serve 120 days in jail.  It also ordered appellant to pay a probation investigation fee of $1,675 in addition to other fees and costs.  (Pen. Code, § 1203.1b, subd. (a).)[1]  In connection with that order, the trial court impliedly found appellant has the ability to pay the probation investigation fee.  (§ 1203.1b, subd. (e).)  Appellant contends that the finding is not supported by substantial evidence and that the order requiring payment of the probation investigation fee must therefore be reversed.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

*Facts & Procedural History*

We omit the facts of appellant's underlying offense because they have no bearing on the issues raised on appeal. (*People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

As part of the probation investigation, appellant completed a personal financial statement in which she stated that she is the single mother of two young children. She is employed in a customer service position and earns about $2,120 per month. Appellant estimated her monthly expenses were $2,046. She stated she had no assets or liabilities.

At the sentencing hearing, appellant's trial counsel asked the court to lower or waive the probation investigation fee because the amount was too high for appellant to pay. Nevertheless, appellant confirmed that she was accepting probation "on all the terms set forth by the probation officer." Those terms included the probation investigation fee and numerous other fines and fees, including monthly probation fees of $138 .

*Discussion*

Section 1203.1b, subdivision (b) provides that, in any case in which probation is granted, the trial court "shall order the defendant to pay the reasonable costs [of investigating and preparing the presentence report and performing other services] if it determines that the defendant has the ability to pay those costs based on the report of the probation officer . . . ." (§ 1203.1b, subd. (b).) In this context, ability to pay means "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation, preparing the preplea or presentence report [and other services] . . . and shall include, but shall not be limited to, the defendant's: [¶] (1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible future financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that

2

may bear upon the defendant's financial capacity to reimburse the county for the costs." (§ 1203.1b, subd. (e).)

Here, the probation report indicated that appellant was employed and had no outstanding liabilities such as a mortgage, car loan or credit card debt. She estimated that her income exceeded her expenses by $74 per month. In addition, the trial court could infer that appellant would be able to increase her income, based on her marketable job skills and the grant of probation. Under these circumstances, the trial court's finding that appellant has the ability to pay, at least in small increments, a probation investigation fee is supported by substantial evidence. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 71; *People v. Staley* (1992) 10 Cal.App.4th 782, 785 ["Ability to pay does not necessarily require existing employment or cash on hand."].)

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

3

James Cloninger, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr.,, Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.