Filed 5/13/15  P. v. Burdette CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B255783 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA102493) |
| v. | |
| SANDRA BURDETTE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas C. Falls, Judge.  Reversed and remanded.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael C. Keller and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

━━━━━━━━━━

## INTRODUCTION

A deputy public defender represented defendant and appellant Sandra Burdette at her trial. After the jury's verdict of guilt, the trial court assessed $2,500 in attorney fees against Burdette, under Penal Code section 987.8,[1] which allows the county to recoup costs of legal assistance. Burdette contends on appeal that the attorney fees order is not supported by sufficient evidence. We agree and reverse the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Burdette and Clara Cajas rented rooms from Leonard Zettervall. On July 10, 2013, Zettervall and Burdette argued. Burdette, holding a knife, threatened to kill Zettervall and Cajas. Burdette swung the knife, cutting Cajas's finger.

Based on these events, an information was filed on August 19, 2013 alleging: count 1, burglary (§ 459); count 2, criminal threats (§ 422, subd. (a)) with personal use of a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)); and count 3, assault with a deadly weapon (§ 245, subd. (a)(1)).

On November 21, 2013, a jury found Burdette guilty of criminal threats and of assault with a deadly weapon but not guilty of burglary. The jury found true the personal use of a deadly weapon allegation.

On April 14, 2014, the trial court suspended imposition of sentence and placed Burdette on three years' formal probation, with 558 days served in jail. In addition to restitution and other fees, the court "assessed" $2,500 in attorney fees, under section 987.8.

---

[1]     All further undesignated statutory references are to the Penal Code.

## DISCUSSION

Burdette contends there was insufficient evidence of her "present ability to pay" attorney fees.[2] The People respond that Burdette forfeited the issue and, in any event, sufficient evidence supports the attorney fees order. We find that the order must be reversed.

Section 987.8 governs attorney fees in criminal matters. It provides, "In any case in which a defendant is provided legal assistance . . . upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (§ 987.8, subd. (b), see also subd. (c); *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420 (*Verduzco*); *People v. Phillips* (1994) 25 Cal.App.4th 62, 72-73, superseded by statute on other grounds as stated in *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1073-1074.)

An order for attorney fees under section 987.8 generally must be objected to in the trial court to preserve the issue for appeal. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864, 867-868 (*Aguilar*).)[3] Although the People contend Burdette failed to object below, this exchange at the sentencing hearing shows otherwise:

"The court: I'm also assessing $2500 in attorney's fees. This was a complete trial. I'm going to order you to report to the financial evaluator in this building within

---

[2] Because we conclude that the sufficiency of the evidence claim has merit, we do not address any other claim regarding notice and adequacy of the hearing.

[3] *Aguilar* noted that a defendant has two opportunities to object to an attorney fees order: at sentencing when the court announces the fees it imposes and when defendant appears at subsequent proceedings before the probation officer. (*Aguilar, supra,* 60 Cal.4th at pp. 867-868.)

five days of your release. I'm not going to do within 48 hours. It's too much for you. I don't want you to overload. You need to get out. Hopefully, you have a place to stay when you get out, but within 48 hours you have to go to probation. [¶] Do you understand that?

"[Burdette]: Yes.

"The court: By the end of the week, I want you to come to this building, first floor. There is a financial evaluator there. . . . I understand you're not going to have an ability immediately to pay that debt because you've been in jail for a long time, but you represented to me that you are a medical professional, and that you're going to try and get back into that type of business.

"[Burdette]: I can't.

"The court: But you have the ability to work.

"[Burdette]: I can't go back to my former job.

"The court: Ma'am, you're not handicapped. You're intelligent. You can get some work, and so you've got plenty of time, three years, to take care of this. [¶] Do you understand?

"[Burdette]: Yes."

The People interpret Burdette's statements as merely a refutation or "correction of a factual misstatement" of her ability to return to her former job, rather than an objection to imposition of the fees. The People construe the record too narrowly. Burdette's statements that she could not get her former job back can also be interpreted as a statement about her *inability* to pay. Her statements are sufficient to preserve her right to raise the attorney fees issue on appeal.[4]

That issue, sufficiency of the evidence, has merit. To sustain an attorney fees order, there must be sufficient evidence of the defendant's "present ability to pay." (§ 987.8, subd. (b); *Verduzco, supra,* 210 Cal.App.4th at p. 1421.) "Ability to pay" is the

---

[4] Burdette's public defender did not object. But because we conclude that Burdette preserved the issue for appeal, we do not address any ineffective assistance of counsel claim based on counsel's failure to object.

4

"overall capability of the defendant to reimburse the costs, or a portion of the costs . . . ." (§ 987.8, subd. (g)(2).) "Ability to pay" requires consideration of the defendant's "present financial position," defendant's reasonably discernable future financial position over the subsequent six months following the hearing, the likelihood defendant will be able to obtain employment in six months, and any factors that may bear on defendant's financial capability to reimburse the county. (§ 987.8, subd. (g)(2); *Verduzco,* at p. 1421; *People v. Viray* (2005) 134 Cal.App.4th 1186, 1217.) " '[T]he court [must] consider what resources the defendant has available and which of those resources can support the required payment,' including both the defendant's likely income and his or her assets." (*Verduzco,* at p. 1421.)

Here, the trial court said Burdette could pay attorney fees because she was a "medical professional," she was "intelligent," and she was "not handicapped." The court's statements appear to be based primarily on a diagnostic study. That study merely shows that Burdette had skills as in-home health care provider and had completed a certificate as a medical assistant. Over the years, Burdette's jobs included home care, secretarial work, retail, telemarketing, and warehouse work. "[P]rior to her offense she was looking for employment."

This was not sufficient evidence of Burdette's "present ability to pay" $2,500. (See *People v. Viray, supra,* 134 Cal.App.4th at p. 1218 [rejecting suggestion, based in part on contrary evidence, the defendant was employable because of young age, college background, and good health].) There was scant, if any, evidence of Burdette's assets and her employment prospects. Instead, as to assets, Burdette was renting a room from Zetervall, which suggests she had no real property assets. As to employment prospects, the diagnostic study stated that Burdette was *looking for* a job when the crimes were committed. The study did not indicate what she earned before she went to jail, and it's unlikely she earned an income while in jail. Burdette also told the trial court she couldn't return to her former job. Notwithstanding Burdette's intelligence and her possession of some medical skills, those things alone were insufficient evidence of her ability to pay $2,500 over the six months following the hearing. (Compare *People v. Phillips, supra,*

5

25 Cal.App.4th at pp. 71, 76 [evidence of the defendant's income and obligations showed an ability to pay].)

The attorney fees order is therefore reversed and remanded for a determination, in accordance with section 987.8, of Burdette's ability to pay. (See *Verduzco, supra,* 210 Cal.App.4th at p. 1421 [remanding for a determination of the defendant's ability to pay]; *People v. Viray, supra,* 134 Cal.App.4th at p. 1219 [same].)

## DISPOSITION

The order imposing $2,500 in attorney fees is reversed and the matter is remanded for the trial court to conduct proceedings consistent with the views expressed herein and section 987.8.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

EDMON, P. J.

KITCHING, J.