Filed 4/29/13  P. v. Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MORQONE BERT JACKSON,<br><br>    Defendant and Appellant. | E056632<br><br>(Super.Ct.No. SWF1201401)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge. Affirmed as modified.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Morqone Bert Jackson pled guilty to felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1), count 6), and

1

admitted that he had previously been convicted of a felony. In return, defendant was sentenced to two years in state prison with credit for time served, and ordered to pay $450.34 in booking fees.

On appeal, defendant contends: (1) in accordance with the plea agreement all the remaining counts and allegations must be dismissed; and (2) the booking fee must be stricken because the trial court failed to find he had the ability to pay such fee and the fee failed to represent the actual administrative costs of the booking procedure. We agree with defendant's contentions and will modify the judgment.

I

DISCUSSION[1]

A.    *Dismissal of Remaining Counts and Allegations*

On May 23, 2012, a six-count felony complaint was filed charging defendant with one count of first degree burglary (Pen. Code, § 459, count 1); four counts of inflicting unjustifiable physical pain and mental suffering on a child (Pen. Code, § 273a, subd. (a), counts 2-5); and one count of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1), count 6). The complaint further alleged that defendant had sustained two prior prison term convictions. (Pen. Code, § 667.5, subd. (b).)

On May 29, 2012, defendant entered into a plea agreement whereby defendant would plead guilty to count 6 and admit that he had previously been convicted of a felony. In

---

[1] The details of defendant's criminal conduct are not relevant to the limited issues raised in this appeal, and we will not recount them here. Instead, we will recount only those facts that are pertinent to the issues we must resolve in this appeal.

2

exchange, the People would "dismiss [the] balance" of the counts and enhancement allegations. Defendant subsequently pled guilty in accordance with his plea agreement. However, neither the parties nor the trial court dismissed the remaining counts or prior prison term enhancement allegations.

Defendant contends, and the People correctly concede, that he is entitled to a dismissal of counts 1 through 5, as well as the prior prison term allegations. We agree.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.' [Citation.] If contractual language is clear and explicit, it governs. [Citation.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]' [Citations.]" (*Ibid*.) The usual remedies for violation of the plea bargain are to (a) allow the defendant to withdraw the plea and go to trial on the original charges, or (b) to specifically enforce the plea bargain. (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

Application of these principles to defendant's plea agreement leads us to conclude that the parties intended the remaining counts and allegations be dismissed. In addition, specific performance will implement the reasonable expectations of the parties. Accordingly, counts 1 through 5, as well as the prior prison term allegations, must be

dismissed.  (See Pen. Code, § 1260.)  The minute order of the May 29, 2012, change of plea hearing should be amended to reflect that counts 1 through 5, as well as the prior prison term enhancement allegations, were dismissed.

B.      *Imposition of Booking Fee*

Defendant also contends that the $450.34 booking fee imposed must be stricken because the trial court did not make an assessment of his ability to pay.  He further claims that there was insufficient evidence to show that the fee represented the actual administrative costs of the booking procedure.

The People respond that no ability to pay determination was required because the fee was imposed under Government Code section 29550, subdivision (d).  The People also argue that substantial evidence showed that the court correctly assessed the amount of the booking fee.[2]

Government Code sections 29550, 29550.1, and 29550.2 govern fees for booking or otherwise processing arrested persons into a county jail.  To a certain extent, the fees vary depending on the identity of the arresting agency and the eventual disposition of the person arrested.

Arrests made by an agent of a city "or other local arresting agency" are governed by Government Code sections 29550, subdivision (a)(1), and 29550.1.  Under Government Code section 29550, subdivision (a)(1), the county may charge the local arresting agency a

---

[2]  The People request that we take judicial notice of the minutes and recommendation approval of an increase in the criminal justice administration fee by the Riverside County Board of Supervisors.  As we find it not relevant to resolve the booking fee issue in the instant case, we deny the request for judicial notice.

booking fee. When it does so, under Government Code section 29550.1, "The court shall, as a condition of probation, order the convicted person to reimburse the [local agency]."

Arrests made by a county agent or officer are governed by Government Code section 29550, subdivision (c). Under subdivision (c) of Government Code section 29550, if the person is convicted of a crime related to the arrest, the county is entitled to recover a booking fee from the arrestee, but the fee may not exceed its actual administrative costs, including fixed overhead.

Government Code section 29550, subdivisions (c), (d)(1) and (d)(2), specify what a court is to do when it has been notified that the county is entitled to a booking fee. Under subdivision (d)(1) of Government Code section 29550, the judgment of conviction "may" include an order imposing the booking fee. However, under subdivision (d)(2), if the person convicted is granted probation, the fee becomes mandatory, although subject to a finding of an ability to pay: "The court shall, as a condition of probation, order the convicted person, based on his or her ability to pay, to reimburse the county for the . . . fee."

Finally, arrests made by "any governmental entity not specified in [Government Code] Section 29550 or 29550.1" are governed by Government Code section 29550.2, subdivision (a). In general, with one subtle difference, the language of this provision is consistent with the language of the others. The difference is that, under Government Code section 29550.2, all convicted persons—those sent to prison, as well as those granted probation—are subject to a mandatory booking fee conditioned upon their ability to pay. The county may be entitled to recover a booking fee, but whether it can get an order for the fee depends on the arrestee's financial condition.

5

Due to the varying differences as noted *ante*, defendant insists that the booking fee here was imposed under Government Code section 29550.2, while the People maintain it was imposed under subdivision (d)(1) of Government Code section 29550.

At the time of sentencing, after the trial court imposed the booking fee, defense counsel objected "to the imposition of a booking fee under 29550.2 of the Government Code." Defense counsel stated, "The Court needs to find there's an ability to pay. My client is going to prison for two years. I don't believe the Court can find that he has the ability to pay or prospect within the next six months to be able to pay a booking fee of $450.34. [¶] I would ask the Court to find that he is not able to pay and waive that." The court inquired what code section defense counsel was referring to, and what that code section stated. Defense counsel responded, "29550.2 of the Government Code." Defense counsel explained that that code section required the court to find an ability to pay prior to imposing the fee and that since defendant was going to prison for two years and did not have the ability to work, he could not pay the $450.34 booking fee.

The court thereafter asked if there was "a limit on when he has to have the ability to pay." Defense counsel stated that the case law indicated within the next six months to determine whether a defendant had the ability to pay. The court responded, ". . . I don't know what resources he has, whether he has a bank account, whether there is any money in that bank account, whether he owns property, such as a vehicle, things of that nature. [¶] So I'm going to impose the booking fee on both defendants in this case."

During the entire above-noted colloquy between defense counsel and the court, the prosecutor did not interject or assert that another code section under the Government Code

6

was applicable. The clerk's minute order of the June 7, 2012 sentencing hearing indicates that the booking fee was imposed under Government Code section "29550."

Based on this record, we find that the booking fee was imposed under Government Code section 29550.2. First, the court's oral pronouncement of judgment controls over any discrepancy in the clerk's minute order or the abstract of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Second, the record contains no evidence as to what agency arrested defendant. Third, the court, defense counsel and, implicitly, the prosecutor, were under the impression that the applicable statute here was Government Code section 29550.2, and there is no evidence in the record to show otherwise. As such, the court here was required to assess whether defendant had the ability to pay the booking fee.

A trial court's finding of an ability to pay may be implied, and will be upheld on appeal if it is supported by substantial evidence. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 70-71.) Here, the trial court made no explicit findings, despite defense counsel's urging to do so, stating only that it would impose the booking fee. In addition, the record contains no probation report so as to support an implied finding of ability to pay. Thus, there is no evidence whatsoever to support any finding that defendant has the ability to pay the booking.

We recognize that we have the option of remanding the case to the sentencing court for an express determination of defendant's ability to pay. Given the state of the record and in the interests of judicial economy, we decline to do so. Instead, we shall strike the fee, which is another option available to us in this situation. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1403.)

7

II

DISPOSITION

The judgment is modified as follows:  Counts 1 through 5 as well as the prior prison term enhancement allegations are hereby dismissed, and the booking fee imposed pursuant to Government Code section 29550.2 is ordered stricken.  In all other respects, the judgment is affirmed.

The trial court is directed to amend the minute orders of the May 29, 2012 change of plea hearing, and the June 7, 2012 sentencing hearing.  The trial court shall also prepare an amended abstract of judgment to reflect the modifications and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


RICHLI
J.

8